[Civ. No. 8219. Third Dist. Mar. 4, 1954.]

BUREL J. EDWARDS et al., Appellants, v. TWAIN LUMBER COMPANY (a Corporation) et al., Respondents.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellants.

Peters & Peters and Jerome D. Peters for Respondents.

PEEK, J.—This is an appeal by plaintiffs from an adverse judgment in an action instituted by plaintiffs for injuries received as the result of a collision between plaintiffs' car and a truck owned and operated by defendant company. Following the entry of the judgment, plaintiffs' motion for a new trial was denied and this appeal followed.

The collision occurred at a point on the Feather River Highway where a private road known as Soda Creek Road enters the highway. Both vehicles were traveling in a northerly direction. The actual collision was allegedly occasioned when the driver of the truck turned left on the private road as plaintiff was about to pass.

Plaintiffs' opening brief of more than 100 pages contains over 20 separate contentions. In the main, these refer to matters arising during the *voir dire* examination of prospective jurors; the admission and refusal of certain testimony; the sufficiency of the evidence to sustain the verdict; and the instructions, some of which were given and some of which were refused. However, since the case must be reversed because of certain instructions given by the court pertaining to the passing of vehicles and in particular at intersections, it is unnecessary to discuss the other contentions.

In its first instruction relative to the rules of the road, the court read in its entirety section 528 of the Vehicle Code, which section sets forth the rules governing the overtaking and passing of vehicles proceeding in the same direction. The next instruction given was in the language of section 530:

"LIMITATIONS ON OVERTAKING ON THE LEFT.

" (a) Except when a roadway has been divided into three traffic lanes, no vehicle shall be driven to the left side of the center line of a roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient

distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.

"(b) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

"2. When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, tunnel, or when approaching within one hundred feet of or when traversing any intersection or railroad grade crossing.

"(c) The foregoing limitations shall not apply upon a one-way roadway."

Appellants' argument is not that the instructions were incorrect statements of the law, but that it was prejudicial error for the court to refer to the situs of the accident as an intersection; and that the court erroneously included in the charge, subsection (2) of Vehicle Code, section 530.

The evidence discloses that the Soda Creek Road where it entered the Feather River Highway was not noticeable from that highway until one had approached to within a relatively short distance. No markings of any sort appeared along the highway either designating an intersection or giving warning thereof. Furthermore, on the Soda Creek Road, a short distance from its point of entry on the Feather River Highway, there was a sign stating "PRIVATE ROAD — No TRESPASSING."

Sections 81, 82 and 86 of the Vehicle Code embrace the definitions of public highway, private road and intersection. Section 81 in part defines a public highway to be ". . . a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." Section 82 defines a private road to be: " 'Private road or drive way' is a way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other members of the public." Section 86 of the code in part defines

an intersection to be "... the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

■ The evidence in the record reviewed in the light of these three sections can lead to but one conclusion, that the situs of the accident was not an intersection area within the meaning of the term as defined in the Vehicle Code, and that to include the instruction embodying subsection (2) of section 530 of the Vehicle Code was error.

■ Following the instruction on passing, the court charged the jury as follows: ·

"A violation of a section of the Vehicle Code of the State of California, enacted for the public safety, is negligence, per se, though it is not actionable negligence unless it proximately causes injury or damage."

By such instruction the court compounded the error of inclusion referred to. This instruction, as a matter of law, charged the jury that plaintiff, by attempting to pass at the point where the collision occurred, was guilty of contributory negligence.

Following the above quoted instruction, the court gave the following charge to the jury:

"Whether the driver of one vehicle is passing another vehicle at an *intersection* or at any other place, and whether such *intersection* be an *intersection* of two public highways or whether it be an *intersection* of a public highway and a private road, the one driving the vehicle that is to pass the other one must use ordinary care, and if he fails to do so is negligent.

"The evidence discloses that the roadway into which the defendants' truck was making a turn at the time of the collision was privately owned, but if you determine from the evidence that said roadway was generally used by the public as a thoroughfare, then you may determine whether or not the plaintiff, Burel J. Edwards, exercised that degree of care and caution that would have been exercised by an ordinarily careful and prudent man in the same or similar circumstances in attempting to pass where said private road *intersected* the highway upon which he was traveling." (Emphasis added.)

It cannot be said that the court specifically instructed the jury that the accident occurred at an *intersection*, but the

implication that such was the case is readily apparent from a reading of the instructions as a whole, and from the repeated use of the term, *intersection*, throughout.

However, as noted, the court did instruct on the definition of a private roadway, and that whether or not Soda Creek Road was such a private roadway was a question for the jury's determination. But that instruction cannot be said to have cured prejudicial error contained in the instruction relating to passing at an intersection, and the implication contained in the repeated reference by the court to the place of accident as an intersection.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied March 24, 1954, and respondents' petition for a hearing by the Supreme Court was denied April 28, 1954.