388 P.2d 149

**John TROJANOVICH, by and through his Guardian Ad Litem, Tony Trojanovich, Appellant,**

**v.**

**George N. MARSHALL and Marguerite E. Marshall, his wife, Appellees.**

**No. 6949.**

Supreme Court of Arizona.

In Division.

Dec. 26, 1963.

Rehearing Denied Feb. 4, 1964.

McKesson, Renaud & Cook, by Fred J. Pain, Jr., Phoenix, for appellant.

Fennemore, Craig, Allen & McClennen, by Arthur M. Johnson and C. Webb Crockett, Phoenix, for appellees.

JENNINGS, Justice.

John Trojanovich, hereinafter called appellant, brought a civil action, by and through his guardian ad litem, for injuries sustained by him in an automobile accident. The jury rendered a verdict for defendants (appellees) and judgment was entered thereon. Appellant's motion for a new trial was denied. From the judgment and the order denying the motion for a new trial, this appeal followed.

This appeal is predicated on the grounds that the lower court committed error in instructing the jury. Appellants assigned as error the giving of two particular instructions and we, of our own motion, will consider a third one.

■ The giving of the following instruction constituted fundamental and reversible error in that it deprived appellant of a constitutional right. We therefore will consider it of our own motion.

"Contributory negligence is negligence on the part of a person injured, which cooperating in some degree with the negligence of another contributes in proximately causing the injury. One who is guilty of contributory negligence *may not recover from another for injury suffered,* no matter how negligent the other party may have been. Therefore, if you should reach the conclusion that the plaintiff, John Trojanovich, was guilty of negligence however

slight, and that such negligence proximately contributed to cause the injuries complained of, then the *plaintiff cannot recover in this case.* This is true irrespective of whether the defendant, Marguerite Marshall, may also have been guilty of any negligence, *because contributory negligence constitutes a complete defense to the claim of the plaintiff.*

"If you believe from the evidence that both the defendant, Marguerite Marshall, and the plaintiff, John Trojanovich, were guilty of negligence at the time of the accident in question, and that the negligence of each proximately concurred in causing said collision and the injury to the plaintiff, you are not permitted to inquire as to which of the parties was guilty of the greater negligence nor to determine upon your verdict the result of such injury or damage, if any, but you are instructed that *under such circumstances the law requires you and it is your duty to return a verdict for the defendant.*" (Emphasis ours.)

In Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962) we held that under the provision of our Constitution, A.R.S.Const. Art. 18, § 5, the trial court may not instruct the jury as to what its verdict must be, as far as the defense of contributory negligence is concerned. Although the instant case was tried before the opinion in Layton v. Rocha was

handed down, nevertheless, the holding there was merely an affirmation of what the law had been for years.

Since a new trial will be necessary we will review appellant's two assignments of error in their reverse order. Appellant contends the court erred in instructing as follows:

"If you the jury find the plaintiff, John Trojanovich, failed to give a signal in the manner required by the aforesaid statutes then such failure on his part is negligence, and if you find that such negligence, if any, contributed, however slightly, as the proximate cause of the accident, then in *that event the plaintiff is guilty of contributory negligence.*" (Emphasis ours.)

Appellees maintain that since appellant did not object to the giving of this instruction the latter is precluded from having the same reviewed. Under the circumstances of this case we will review this alleged error for the reason that the instruction as given constituted fundamental error. Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 (1959).

In Wolfswinkel v. Southern Pacific Co., 81 Ariz. 302, 305 P.2d 447 (1956), affirmed on rehearing 82 Ariz. 33, 307 P.2d 1040 (1957), we held that the court may not instruct the jury that if it finds certain facts in issue to be true, it must find the plaintiff guilty of contributory negligence. The in-

struction given in that case was the following:

"You are instructed that if you find from a preponderance of the evidence that Clarence Wolfswinkel failed to exercise proper vigilance or failed to yield the right-of-way to the approaching train and that such failure contributed, however slightly, to the collision, then you must find Clarence Wolfswinkel to have been guilty of contributory negligence."

The instruction in the instant case is substantially the same as that condemned in the Wolfswinkel case and hence constitutes reversible error.

Appellant, in his other assignment of error, contends the court erred in giving the following instruction:

"At the time of the accident in question, the laws of the State of Arizona also provided that the driver of a vehicle intending to make a right turn must do so as follows: Both the approach for a right turn and the right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. If you find that the plaintiff, John Trojanovich, violated this statute * * *."

The uncontroverted facts show that appellant John Trojanovich and appellee Marguerite Marshall were both traveling northward on Third Street in Phoenix, the former being some distance ahead of the latter. At the time of the impact, appellant was making a right turn from Third Street into a private roadway leading to the Circle Palms Apartment. This driveway was located approximately across from where Ashland Street comes into Third. Appellant, in making his turn, had to stop and wait for a pedestrian, who was walking on the sidewalk, to cross the driveway area. Thereupon appellee's motor vehicle collided with the rear end of appellant's automobile.

■■ The instruction complained of is based on A.R.S. § 28–751(1) relative to turns at intersections. Appellant maintains that this law is not applicable to the facts and circumstances of this case since the right turn was made into a private roadway. We agree. When one turns into a private roadway he is only required to make such turn with reasonable safety. A.R.S. § 28–754, subd. (A).

■ To substantiate his position appellant has cited Tossman v. Newman, 37 Cal.2d 522, 233 P.2d 1 (1951) and Edwards v. Twain Lumber Co., 123 Cal.App.2d 675, 267 P.2d 347 (1954). Although both of these cases are distinguishable in the particular that a left-hand rather than a right-hand turn into a private roadway was involved, nevertheless, this is an insignificant factor and we agree with the proposition that an instruction given pertaining to an intersection is error when the case involves a turn from a public highway into a private road-

way. We note that the terms "intersection" and "private roadway" are defined separately in A.R.S. § 28–602. When the trial court gave an instruction embodying A.R.S. § 28–754, subd. (A) relative to turns into private roadways this cannot be said to have cured the prejudicial effect of having given A.R.S. § 28–751(1).

In view of the foregoing it is unnecessary to discuss appellees' other contentions.

Judgment reversed and cause remanded for new trial.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.