241 P.3d 524

**STATE of Arizona, Appellee,**

v.

**David Levi BOUCK, Appellant.**

**No. 1 CA–CR 09–0938.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 2, 2010.

---

528

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals Section/Capital Litigation Section, Suzanne M. Nicholls, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Craig W. Penrod, P.C. By Jeremy L. Phillips, Tempe, Attorneys for Appellant.

## OPINION

JOHNSEN, Judge.

¶ 1 An officer saw David Levi Bouck make an improperly wide right turn from a driveway onto a public street early one morning. After the officer stopped him, Bouck was arrested and charged with two counts of aggravated driving while under the influence. He argues the court erred in denying his motion to suppress because the traffic statute under which he was stopped, Arizona Revised Statutes ("A.R.S.") section 28–751(1) (2004), does not apply to a driver turning from a private driveway. We disagree and affirm his convictions.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 At approximately 2 a.m. on Halloween morning in 2008, an officer stopped Bouck near the corner of Ray Road and Val Vista Drive in Gilbert for making an improper right turn from a private driveway into the middle lane of a three-lane public roadway, in violation of A.R.S. § 28–751(1). As the officer approached Bouck, he noticed Bouck's eyes were "watery and bloodshot [and that] a faint odor of an intoxicating liquor" emanated from inside Bouck's vehicle. According to laboratory reports, Bouck had a blood alcohol content of 0.198.

¶ 3 Bouck moved to suppress all evidence acquired as a result of the traffic stop, arguing that because he did not violate A.R.S. § 28–751(1), the officer lacked reasonable suspicion to stop him. After the superior court denied the motion, Bouck waived his right to a jury trial and the court found him guilty on both counts of aggravated driving under the influence based on stipulated evidence.

¶ 4 Bouck timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12–120.21(A)(1) (2003).

## DISCUSSION

### A. Standard of Review.

¶ 5 In considering the superior court's ruling on a motion to suppress, we review the facts in the light most favorable to upholding the ruling. *State v. Hyde,* 186 Ariz. 252, 265, 921 P.2d 655, 668 (1996). We review the court's factual findings for an abuse of discretion, but review *de novo* issues of a purely legal nature, such as statutory construction. *State v. Newell,* 212 Ariz. 389, 397, ¶ 27, 132 P.3d 833, 841 (2006); *State v. Patterson,* 222 Ariz. 574, 575, ¶ 5, 218 P.3d 1031, 1032 (App.2009).

### B. Section 28–751(1) Applies to a Right Turn Made from a Private Driveway onto a Roadway.

¶ 6 The statute at issue, A.R.S. § 28–751, is titled "Required position and method of turning." As to right turns, § 28–751(1) states, "Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

¶ 7 Bouck argues that because the statute prescribes locations on a "roadway" for a motorist making a right turn, it does not apply to a motorist turning from a private driveway because a driveway is not a roadway. He points out that A.R.S. § 28–601(21) (2008) defines "roadway" to mean a "highway." [1] As he puts it, "It is impossible to approach a turn 'as close as practicable to the right hand curb or edge of the roadway' when one is not on a roadway."

¶ 8 The flaw in Bouck's argument is that A.R.S. § 28–751(1) prescribes both the manner of "the approach" to a turn and the manner of the turn itself. That is, the statute requires that "[b]oth the approach for a right turn and a right turn" must be "made as close as practicable" to the right-hand side of the curb or roadway. Although we need not decide the issue, it may be true, as Bouck argues, that the statute's direction to "approach" a turn "as close as practicable to the right-hand curb or edge of the roadway" does not apply to a driver turning right from a driveway onto a roadway. But we see no reason to conclude that a driver turning from a private driveway onto a roadway is exempt from the statute's requirement that the "right turn" itself must be "made as close as practicable to the right-hand curb or edge of the roadway." Accordingly, when a driver turns from a driveway onto a roadway, the statute requires him to proceed onto the roadway "as close as practicable to the right-hand curb or edge of the roadway."

¶ 9 Bouck argues the only requirements imposed on a driver turning from a driveway to a roadway are found in A.R.S. § 28–856 (2004), which sets out certain stop-and-yield requirements for vehicles emerging from alleyways, driveways and buildings. He asserts that this statute, not § 28–751(1), controls vehicles turning from a private driveway onto a public roadway. Bouck maintains that because § 28–856 prescribes neither the place from which nor the place to which a right turn from a driveway to a roadway must be made, no such requirements apply.

¶ 10 We decline to adopt Bouck's interpretation of A.R.S. § 28–856. That statute, which is in an article of the code titled "Special Stops Required," directs the manner in which a driver emerging from a private driveway must stop before entering onto a roadway. *See* A.R.S. § 28–856(1) (driver must "[s]top the vehicle immediately before driving onto a sidewalk");—856(2) (driver must "[y]ield the right-of-way to any pedestrian") and—856(3) ("[o]n entering the roadway, [driver must] yield the right-of-way to all closely approaching vehicles on the roadway"). Section 28–856 says nothing about the location at which or to which a turn must be made from a driveway onto a roadway. Rather than infer that no such requirements apply to a driver turning from a private driveway onto a roadway, we are compelled by logic to conclude that the requirements as to such a turn are set forth in A.R.S. § 28–751, which lies in an article of the code titled "Turning, Starting and Signals on Stopping and Turning." In short, a driver in such a situation must comply with both statutes: He

---

1. Subsequent to Bouck's arrest, A.R.S. § 28–601(21) was renumbered to A.R.S. § 28–601(22).

*See* 2009 Ariz. Sess. Laws, ch. 187, § 8 (1st Reg.Sess.).

must "yield the right-of-way to all closely approaching vehicles" as required in § 28–856(3) and he also must turn into the lane closest to the right edge of the roadway as required in § 28–751(1).

¶ 11 Bouck, however, argues *Trojanovich v. Marshall*, 95 Ariz. 145, 388 P.2d 149 (1963), holds that A.R.S. § 28–751(1) does not apply to private driveways. The facts in *Trojanovich* were the reverse of those presented here because in that case, a driver was turning from a roadway onto a private driveway. 95 Ariz. at 148, 388 P.2d at 151. The dispute on appeal was whether the superior court erred in giving a jury instruction containing language from § 28–751(1). It was in that context that the court held that § 28–751(1) was inapplicable, explaining that "[w]hen one *turns into a private roadway* [the driver] is only required to make such turn with reasonable safety." *Trojanovich*, 95 Ariz. at 148, 388 P.2d at 151 (emphasis added). Importantly, the plaintiff in *Trojanovich* was turning onto a private driveway and not onto a public roadway. *Id.* By contrast, when, as here, a driver is turning from a private driveway onto a public roadway, the requirements of § 28–751(1) apply. As the superior court held in this case, "[D]rivers on the roadway have to have predictability about where someone is going to be turning into from driveways that lead into that roadway."

¶ 12 Moreover, even disregarding the factual distinctions between *Trojanovich* and the present case, the logic of *Trojanovich* does not control here because the language of A.R.S. § 28–751 has changed since that case was decided. The court in *Trojanovich* interpreted the 1956 version of § 28–751, which applied expressly to a turn "at an intersection." 95 Ariz. at 148, 388 P.2d at 151; A.R.S. § 28–751(1) (1956).[2] Arizona law defines "intersection" to mean a location at which highways or roadways are joined. A.R.S. § 28–601(8). The *Trojanovich* court adopted the contention that § 28–751(1) did not apply because the turn in that case was

made onto a private roadway, not at an "intersection" within the meaning of the law. 95 Ariz. at 148, 388 P.2d at 151.

¶ 13 The current version of A.R.S. § 28–751, however, omits the prior statute's introductory reference to "a turn at an intersection," and begins instead, "The driver of a vehicle intending to turn shall do so as follows." Thus, while the prior version of § 28–751(1) applied only to turns at intersections, the current version of the statute is not so limited.

▄ ¶ 14 Bouck finally argues that even if A.R.S. § 28–751(1) applies to a right turn from a driveway onto a roadway, it does not require that such a turn be made into the far right lane of the roadway. In support of this argument, Bouck points out that § 28–751(2) specifically directs that a left turn be made "from the left of the center of the intersection" and "to the left lane immediately available for the driver's direction of traffic." A.R.S. § 28–751(2). He contends the legislature's failure to similarly specify the location "to" which a right turn must be made means the statute refers only to the manner in which one must "approach" the turn and not to the location into which the turn must be made.

¶ 15 Bouck's argument fails to consider the differences in the practicalities of executing left and right turns. Because we drive on the right-hand side of the street, a rule that a right turn must be made "as close as practicable to the right-hand curb" necessarily requires a turn into the lane closest to the curb at the end of the turn. A.R.S. § 28–751(1).[3] By contrast, a driver turning left may encounter a curb, a median or any number of solid or dotted yellow or white lines. The variety of landmarks associated with left turns required the legislature to be more specific with regard to a vehicle's approach and its final position upon execution of a left turn. The fact that the legislature chose not to use superfluous language to describe the mechanics of a right turn is not justification

2. The 1956 version of A.R.S. § 28–751 began, "The driver of a vehicle intending to turn at an *intersection* shall do so as follows. . . ." (Emphasis added.)

3. "[A]s close as practicable" allows for certain exceptions to the general rule, for example, in the case of an intersection with two right turn lanes or a bike lane.

for disregarding the clear objective of the statute. *See Mejak v. Granville*, 212 Ariz. 555, 557, ¶ 8, 136 P.3d 874, 876 (2006) ("When the language of the statute is clear and unambiguous, this Court need go no further to ascertain the legislative intent.").

## CONCLUSION

¶ 16 For the reasons stated above, we conclude A.R.S. § 28–751(1) applies to Bouck's turn from the private driveway onto the roadway. Accordingly, the traffic stop did not violate Bouck's Fourth Amendment rights because the officer had reasonable suspicion to believe Bouck violated the law by the manner in which he made that turn. We affirm the superior court's denial of Bouck's motion to suppress, the convictions and the resulting imposition of probation.

CONCURRING: MICHAEL J. BROWN, and JOHN C. GEMMILL, Judges.