[Civil No. 1556.   Filed December 21, 1918.]

[177 Pac. 29.]

## ARIZONA COPPER COMPANY, LIMITED, a Corporation, Appellant, v. ENRIQUE BURCIAGA, Appellee.

1. WITNESSES—PRIVILEGE—PHYSICIAN.—Where court refused to hear preliminary evidence as to whether physician was attending plaintiff at time concerning which it was sought to have him testify, and error was assigned only to the exclusion of ultimate testimony as to the disclosures then made by plaintiff to such physician, the exclusion of the ultimate testimony was proper.

2. MASTER AND SERVANT — INJURIES TO SERVANTS.—The common-law remedy of servant for injuries depends wholly on the master's negligence.

3. Master and Servant—Employers' Liability Law—Basis for Recovery.—The employers' liability law gives the injured servant a right of recovery regardless of negligence of the master, in view of Civil Code of Arizona of 1913, paragraph 3155.

4. Pleading—Motion to Strike—Duplicity.—Servant's complaint setting forth facts showing cause of action under employers' liability law, and also facts showing negligence, is open to attack by motion to strike that portion relating to negligence, or to attack as duplicitous, or by motion to require election.

5. Trial—Instructions—Conflict.—In servant's action for injuries, instructions *held* in conflict as to whether the action was under the employers' liability law or at common law for negligence.

6. Master and Servant—Employers' Liability Law.—In injured servant's action under employers' liability law, the master does not have the burden of repelling the presumption of its negligence as a cause concurring with conditions of hazardous occupations.

7. Master and Servant—Employers' Liability Law—Measure of Damages.—Under Civil Code of Arizona of 1913, paragraph 3158, employer is liable to injured employee in such an amount as will compensate him for his injuries directly attributable to the accident.

8. Master and Servant—Employers' Liability Law—Measure of Damages.—Under Civil Code of Arizona of 1913, paragraph 3158, stating who may recover for injuries to the employee, no one authorized to prosecute the action can recover damages in an amount greater than the actual loss sustained by the employee.

9. Master and Servant—Employers' Liability Law—Measure of Damages.—Under Civil Code of Arizona of 1913, paragraph 3155, damages to which injured employee is entitled do not include loss due to intentional wrong committed by the employer.

10. Damages—"Actual Damages."—"Actual damages" are such compensation for the injury as would follow from the nature and character of the act and which are susceptible of ascertainment.

11. Master and Servant—Injuries to Servant—Employers' Liability Law—"Damages."—Under Civil Code of Arizona of 1913, paragraph 3158, making employer liable in damages for injuries to employee, "damages" includes all loss occurring in hazardous occupations without fault of the employer, actually caused by the accident, the amount of which is susceptible of ascertainment, and exemplary and punitive damages are not included.

12. Master and Servant—Injuries to Servant—Employers' Liability Law—"Damages."—Under Civil Code of Arizona of 1913, paragraph 3158, "damages" to which injured employee is entitled include actual mental and physical suffering, proximately resulting from the accident, reasonable value of working time, necessary expenditures for treatment, and compensation for diminished earning power.

13. MASTER AND SERVANT—INJURIES TO SERVANT—EMPLOYERS' LIABIL-
ITY LAW—"DAMAGES."—Under Civil Code of Arizona of 1913,
paragraph 3158, "damages" to which employee is entitled do not
include humiliation or mortification, which can only result from in-
tentional act of employer.

APPEAL from a judgment of the Superior Court of the
county of Greenlee. F. B. Laine, Judge. Reversed and
remanded.

### STATEMENT OF FACTS BY THE COURT.

The appellee was employed by the appellant about its mines
at Morenci, in said Greenlee county. One of appellee's
duties required him to take samples of ore from the workings
of the mine. While engaged in the performance of such
duty, he was necessarily standing in a dangerous position,
one foot on the rungs of a ladder, and the other bracing
against a wall. The ladder was suspended from above. In
taking samples he necessarily used a hammer in one hand
and a moil, a kind of rock chisel, in the other hand. His
duty required him to cut samples of ore at points on the
ledge about 5 feet apart. Appellee was cutting the third
sample, or about 15 feet from the bottom of the particular
working, standing as mentioned. Another employee of ap-
pellant's was assisting by holding a basket in which to catch
the ore cut by appellee. So occupied, the ladder turned,
because some board or brace supporting it near the lower end
fell, and appellee fell to the bottom of the workings, a dis-
tance of from 10 to 15 feet. He alleges that he sustained
serious injuries from such fall. This action was prosecuted
under the employers' liability law (chapter 6 of title 14,
Revised Statutes of Arizona of 1913). The plaintiff recovered
judgment in the sum of $7,000, and defendant appeals from
an order refusing a new trial, and from such judgment.

Mr. E. W. Lewis, Mr. W. C. McFarland and Mr. H. A.
Elliott, for Appellant.

Mr. E. V. Horton, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above).
This record and appellant's assignment of errors present the
following questions requiring notice and some discussion:
The admissibility of the testimony of a Dr. Stanton with

regard to a statement made by plaintiff as to the state of plaintiff's physical condition at a time prior to plaintiff's alleged injuries, whether the defendant employer's negligence becomes an element of damages recoverable in an action founded upon said employers' liability law, and the measure of damages recoverable in such an action.

This witness was employed by the defendant in its medical department, and as such, under his employment, he treated the defendant's employees and their families when required. He testified:

That he knew the plaintiff and the plaintiff's wife.

"I had occasion in the past to confine plaintiff's wife from childbirth. That was the last part of, April, 1915. At that time I was not treating Enrique Burciaga, the plaintiff, and he was not at that time consulting me in any capacity as a patient of mine."

"Q. Now at the time of this confinement, state what, if any, conversation you had with this plaintiff, Enrique Burciaga, in which he stated to you his general physical condition and his health at that time."

The plaintiff objected "on the ground that it is privileged, because this particular witness was treating his wife and also this plaintiff." The objection was sustained for the expressed reason that the communication was privileged. Thereupon the defendant offered to prove by the said witness:

"That at the time this witness was in attendance upon the wife of Enrique Burciaga, the plaintiff in this case, and at the time she was being confined, this plaintiff made a statement to this witness that he [plaintiff] had syphilis—he, the plaintiff, had syphilis; that he wanted to know whether or not the child showed signs of syphilis; that he had had syphilis for a period antedating the time of conception 'and antedating the time of the occurrence of the claimed accident in this case; and that there didn't at that time exist between the plaintiff and this physician any relation of physician and patient, and that these disclosures were not made for the purpose of diagnosis or treatment, but were purely voluntary on the part of the plaintiff."

This offer was rejected.

The ruling of the court on the objection indicates that the court based the ruling upon paragraph 1677(6), Revised

Statutes of Arizona of 1913. Paragraph 1677(6) is as follows:

"The following persons cannot be witnesses in a civil action: . . . A physician or surgeon cannot be examined, without the consent of his patient, as to any communication made by his patient with reference to any physical or supposed physical disease, or any knowledge obtained by personal examination of such patient."

The objection to the effect that the physician was disqualified to answer the question and disclose the statement made to him by the plaintiff, because witness was "treating his wife, and also this plaintiff," was good, if a fact, because of paragraph 1677(6). The defendant, among other things, offered to prove that at the time the communication was made "that there didn't at that time exist between the plaintiff and this physician any relation of physician and patient, and that these disclosures were not made for the purpose of . . . treatment, but were purely voluntary on the part of the plaintiff."

The objection had been ruled upon before the offer was made, and technically when the offer was made the issue was presented to the court to determine from the evidence whether the relation of physician and patient existed between plaintiff and the witness at the time the communication was made as a preliminary fact precedent to the admissibility of the evidence of the contents of the communication. The trial court refused to hear the preliminary evidence, and thereby assumed that the said confidential relation of physician and patient existed; hence, the physician was disqualified to repeat the communication. The appellant does not assign as error the refusal of the trial court to hear such preliminary evidence, but assigns as error the order sustaining the objection made that the answer called for was privileged because the witness was then treating plaintiff and plaintiff's wife as their physician. The ruling was strictly correct in the circumstances then before the trial court. We will not express any opinion as to the result had the appellant predicated error on the refusal of the court to try the preliminary question whether the relation of physician and patient existed as a fact at the time the supposed communication was made.

The common-law remedy of the servant against the master to recover damages for personal injuries sustained depends

wholly upon the failure of the master in performing a duty he owes to his servant; that is, upon the master's negligence.

As clearly intimated by this court in *Inspiration Consolidated Copper Co.* v. *Mendez*, 19 Ariz. 151, 166 Pac. 278, 1183, the employers' liability law is designed to give a right of action to the employee injured by accident occurring from risks and hazards inherent in the occupation and without regard to the negligence on the part of the employer. Such is the clear import of the said employers' liability law. Whether the employee's negligence becomes an element in actions based upon such statute depends upon whether the defendant injects into the cause such questions by means of setting up negligence on the part of the plaintiff as contributing to plaintiff's injuries as a partial defense, or the negligence of the employee as the sole proximate, efficient cause of the injury.

In all other cases the question as to whether the defendant is guilty of negligence which proximately caused the accident and resulting injuries to the plaintiff is wholly beyond the questions involved and immaterial to the inquiry. The cause of the action and the right of recovery granted by chapter 6, title 14, employers' liability law, exists without regard to negligence on the part of the defendant employer. If the injured workman relies for recovery upon the negligence of the employer as a cause for action, he must pursue the common-law remedy, as he is given no remedy to recover for negligence by the employers' liability law. That statute takes no cognizance of negligence as an element in the right of action given, and the presence in or absence of negligence from the accident relied upon for recovery under the statute adds nothing to or takes nothing from the rights of the parties, except as above noted.

Consequently a complaint setting forth facts sufficient to constitute a cause of action given by the employers' liability law, which also sets forth facts constituting negligence, is open to attack by motion to strike that portion of the complaint setting up negligence, as immaterial matter or, in the absence of such motion, to disregard such allegations as immaterial, to attack upon the grounds of duplicity, or to require the plaintiff to declare his purpose and elect which remedy he pursues, that given by the employers' liability law, or by the common law for negligence. In this case the plaintiff at

the commencement of the trial made plain his purpose to pursue his remedy under said statute, and thereby effectively eliminated from the case, so far as he was then concerned, all matters of negligence of the employer as an element material to a recovery.

In stating the case to the jury as preliminary to the instructions, the court, among other things, stated that the plaintiff claims damages on account of physical injuries alleged to have been sustained by him while in the employ of defendant and engaged in performing his duties in defendant's mines "by being carelessly and negligently thrown from a ladder to the bottom of" a certain numbered portion of the workings of the mines. The paragraph of the instructions containing such language is immediately followed by another informing the jury positively and pointedly that this action is brought under chapter 6 of title 14, Revised Statutes of Arizona of 1913, the employers' liability law.

The court then follows by instructing the jury that under the provisions of such statute:

"An employer in certain hazardous occupations, among them mining, is liable for the personal injury of an employee by an accident arising out of and in the course of such labor, service, and employment, and due to a condition or conditions of such occupation or employment in all cases in which such injury of such employee shall not have been caused by the negligence of the employee injured, and in such case the employer is liable, even though he himself is wholly free from fault or negligence, provided and except the injury to such employee is the result of his own negligence."

The same principles are announced in other instructions until the court reaches paragraph 21, where he instructs:

"If you find from the evidence in this case that the plaintiff received the injury as alleged in this complaint, and you further find that such injury was not caused by the negligence of the defendant, but was the result of the plaintiff's own negligence and without fault on the part of the defendant, your verdict should be for the defendant."

These instructions are conflicting as regards the element of negligence, whether the presence of negligence on the part of the defendant is or is not an ingredient entering into the consideration of the evidence. The first instruction sufficiently informs the jury that the plaintiff alleges negligence,

and the last, paragraph 21, requires the jury to consider whether the evidence with respect to whether the plaintiff received the injury as alleged in the complaint, "and you further find that such injury was not caused by the negligence of the defendant, but was the result of the plaintiff's own negligence, and without fault on the part of the defendant," thus keeping prominent before the jury the duty to become satisfied that the defendant was without fault before defendant could recover. The conflicting instructions were given after the preliminary statement was made and before the twenty-first paragraph was given, and correctly places the defendant's liability to damages in this case upon the accident arising out of and in the course of the employment, and due to a condition or conditions of such occupation or employment.

The statements of negligence in the complaint were immaterial to the statement of facts constituting a cause of action under the employers' liability law: The court and the parties had fully agreed that the action on trial was based solely on that statute, and that the purpose of the plaintiff was to enforce by means of the action the remedy given by such statute. By the conflicting instructions, if observed at all, the jury were required to assume that the burden was on the defendant to repel the presumption of its negligence as a cause concurring with a condition or conditions of the hazardous occupation of the plaintiff in the service of the defendant in order to recover.

The burden thus placed upon the defendant was greater than the law requires it to assume in this kind of an action. The instructions as a whole are calculated to lead the jury to understand that in cases under the employers' liability law, when the complaint charges defendant with negligence, by reason of such charge in the complaint the law requires the defendant to disprove negligence on his part, else he fails to sustain a defense. The law does not support such theory.

The appellant complains of the instructions given by which the amount of damages shall be determined. The rule given was stated as follows:

"First, mental anguish and physical suffering and humiliation and mortification resulting to him [plaintiff] therefrom, if any, including such, if any, as you may believe from the evidence will in reasonable probability ensue to him there-

from in the future; second, the reasonable value of his lost time therefrom, if any, until now; and, third, the reasonable value, if paid now, of his diminished earning power from such injuries, in the future, if any.''

The appellant contends that humiliation and mortification are not proper elements of damages; that the evidence is insufficient to support an instruction allowing a consideration of such; that there is no evidence of future mental anguish and physical suffering; that diminished earning power is not supported by the issues or proof and is not involved as an element of recovery.

In the eighth paragraph of the instructions the jury were charged that, if the plaintiff is entitled to recover, his damages should be assessed ''at such sum as you believe from the evidence will fairly and adequately compensate him for the alleged injuries which you may find he sustained.''

The liability incurred by the employer from a personal injury sustained by his employee from an accident arising out of and in the course of labor, service and employment in hazardous occupations specified in the statute, and due to a condition or conditions of such occupation or employment, if such shall not have been caused from the negligence of such employee, is such an amount as will compensate such employee for the injuries sustained by him directly attributable to such accident. The damages recoverable in such cases as this must be measured by the statute. The employer is made liable by the statute (par. 3158, Rev. Stats. Ariz. 1913) ''in damages to the employee injured, or, in case death ensues, to the personal representative of the deceased for the benefit of the surviving widow or husband and children of such employee; and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee, and, if none, then to his personal representative, for the benefit of the estate of the deceased.''

It is quite clear that no one authorized to prosecute the action can recover ''damages'' in an amount greater than the actual loss sustained by the employee injured. The wrong giving the right of action is attributable, not to any fault, wrong or negligence of the employer, but to the risks and hazards which are inherent in such occupation and which are unavoidable by the workmen therein. Paragraph 3155, Rev. Stats. Ariz. 1913. Consequently the ''damages'' recoverable

include only such actual loss to the employee as he has sustained which flows proximately from the accident.

In determining the "damages" it is quite clear that if any intentional wrong is committed by the employer, by reason of which wrong the employee's loss is augmented, the loss thereby sustained is no part of the "damages" recoverable in this action, for the reason such injury does not arise from the risks and hazards which are inherent in the occupation and which are unavoidable by the workman therein engaged, but they arise from the fault, negligence or active intentional wrong of the employer, and the workman is entitled to assume that his employer will perform all of the ordinary duties owing to his employees.

"Damages" have been defined to be the compensation which the law will award for an injury done. *Scott* v. *Donald,* 165 U. S. 58, 41 L. Ed. 632, 17 Sup. Ct. Rep. 265.

"Actual damages" are such compensation for an injury as would follow from the nature and character of the act. Actual damages are those which the injured party is entitled to recover for the wrongs done and injuries received when none were intended. *Ross* v. *Leggett,* 61 Mich. 445, 1 Am. St. Rep. 608, 28 N. W. 695.

Actual damages are such losses as are actually sustained and are susceptible of ascertainment. *W. U. Tel. Co.* v. *Lawson,* 66 Kan. 660, 72 Pac. 283.

Hence, the language "liable in damages," as used in paragraph 3158, chapter 6, of title 14, employers' liability law, Revised Statutes of Arizona of 1913, has reference to and means that the employer becomes obligated to pay to the employee injured in an accident while engaged in an occupation declared hazardous, occurring without fault of the employer, all loss to the employee which is actually caused by the accident and the amount of which is susceptible of ascertainment. All idea of speculative, exemplary and punitive damages is excluded from the meaning evidently intended to be conveyed by the expression used.

Of course, mental and physical suffering experienced by the employee injured, proximately resulting from the accident, the reasonable value of working time lost by the employee, necessary expenditures for the treatment of injuries and compensation for the employee's diminished earning power directly resulting from the injury, and perhaps other

results causing direct loss, are matters of actual loss and as such recoverable.

With equal clearness, humiliation and mortification can only result from wrong to the person injured through the intended act of the defendant, and where humiliation and mortification furnish grounds for recovery, the right of recovery depends upon whether the defendant purposely and designedly committed the wrong, thereby intending to humiliate the plaintiff and outrage his feelings. The damages recoverable for such wrong are punitive in character and furnish no grounds for recovery of this kind of action, for the reason such character of damages do not amount to actual damages, but to punitive damages. The instruction erroneously sets forth the rule by which the jury were required to measure the damages recoverable, and the error is such as would most certainly prejudice the defendant's rights.

For this reason, and other reasons indicated, the judgment should be reversed and the cause remanded for a new trial.

JOHN WILSON ROSS, J., concurs.

HENRY D. ROSS, J., owing to sickness, took no part in the decision of this cause.

---

On the question as to whether privilege as to communications or information acquired by physician extend to physician not employed by patient, see notes in 16 L. R. A. (N. S.) 886; L. R. A. 1915F, 888.

On effect on common-law action of Employers' Liability Act, see note in 12 L. R. A. (N. S.) 1038.