412 P.2d 301

**Robert KREK and Donna Krek, husband and wife, Appellants,**

**v.**

**J. F. BRIEL, Appellee.\***

**No. I CA–CIV 283.**

Court of Appeals of Arizona.

March 17, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7434. The matter was referred to this Court pursuant to A.R.S. Section 12–120.23.

Dykes, Selden & Bayham, by Alan P. Bayham, Phoenix, for appellants.

Kramer, Roche, Burch & Streich, by Daniel Cracchiolo, Phoenix, for appellee.

KRUCKER, Chief Judge.

Appellants, plaintiffs below, appeal from a jury verdict and judgment in favor of appellee, defendant below. Suit was initiated to recover for personal injuries sustained in an auto accident on February 9, 1959, allegedly caused by appellee's negligence.

Appellant Donna Krek and a passenger were driving east on Indian School Road in Phoenix and approached the intersection of Grand Avenue and 35th Avenue, stopping for a red light. There was considerable traffic and a traffic jam had developed due to a collision of two cars in the intersection. Appellant Donna Krek was required to wait at the intersection for traffic to be diverted around the other collision. When the traffic signal turned green and appellant Donna Krek was able to proceed through the intersection, she moved south around the two wrecked vehicles. Appellee, on the other hand, was traveling southeast on Grand Avenue and proceeded through the intersection passing northeast of the two wrecked vehicles when the collision resulting in this action occurred. The left front fender of appellants' automobile struck the right front fender of appellee's car, resulting in damages to both vehicles and in personal injuries to appellant Donna Krek.

The several assignments of error generally concern the following two events.

During proceedings leading to trial, appellants subpoenaed appellee's wife for purposes of taking her deposition, but she failed to appear. Contempt proceedings were held and it was determined that Mrs. Briel was ill and her doctor advised that the taking of her deposition was dangerous to her health; the contempt charge was therefore dismissed. Thereafter, during closing argument to the jury, appellants commented that appellee could have admitted in evidence written interrogatories of Mrs. Briel, implying that if she had any favorable testimony to offer such course of action would have been taken. Upon appellee's objection, the court instructed the jury to disregard the statement.

During the trial, appellants called the police officer who had investigated the accident in issue to testify as to the facts thereto. Upon cross-examination, appellee attempted to impeach his testimony by presenting for his examination a purported copy of the accident report he had prepared while investigating this accident. Discrepancies in this report with the officer's testimony were clearly brought out, resulting in the officer's statement that he could not account for these discrepancies. Appellants asked that the document be marked for identification and it was later admitted in evidence without objection by appellants. Later in the trial, appellants discovered that this document had been altered and was not a true copy of the original accident report. Appellants attempted to present evidence of such alteration through testimony of the custodian of the police accident report records. Proper objections to such testimony were made and sustained and the alleged true copy of the accident report was never offered in evidence.

The above two incidents constitute the basis of this appeal; i. e., the fact that appellants were not permitted to comment on the absence of Mrs. Briel during the trial although she was an eye-witness

to the collision; and the fact that appellants were not permitted to show alterations in the accident report which had been admitted in evidence. Regarding the first issue:

"Where a party fails to call a witness under his control, * * * or where he fails to call a seemingly available witness, whose testimony he would naturally be expected to produce if it were favorable to him, it is not improper for counsel on the other side, in argument, to comment on such failure. * * *" 88 C.J.S. Trial § 184 (1955), pages 362–364.

The record discloses some evidence that Mrs. Briel's testimony, had she been called as a witness, might well have been adverse to appellee's interest. We are, therefore, of the opinion that Mrs. Briel, being an eye-witness to the accident, would have been produced as a witness for appellee if her testimony would have been favorable. Thus, we hold that appellants should have been permitted to comment on the failure of appellee to present Mrs. Briel's testimony at the trial. 88 C.J.S. Trial § 184 (1955); also see State Tax Commission v. Graybar Electric Co., 86 Ariz. 253, 344 P.2d 1008 (1959); Williams v. Williams, 86 Ariz. 201, 344 P.2d 161 (1959); Alger v. Brighter Days Mining Corp., 63 Ariz. 135, 160 P.2d 346 (1945); M. Karam & Sons Mercantile Co. v. Serrano, 51 Ariz. 397, 77 P.2d 447 (1938); Commonwealth v. Domanski, 332 Mass. 66, 123 N.E.2d 368 (1954); 5 A.L.R.2d 893 (1949).

Because we must reverse for other reasons, as hereinafter set forth, we do not determine whether this error would be reversible.

The second issue raised in this appeal shall only be given scant attention since it is doubted that the problem will recur in a new trial of the matter. Appellants claim that prejudicial error was committed by the failure of the trial court to allow the showing of alterations in the purported copy of the accident report admitted in

evidence, having been offered by the appellee.

That such reports are generally inadmissible is clear. Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199 (1956); Welch v. Medlock, 79 Ariz. 247, 286 P.2d 756 (1955). However, appellants made no objection to the admission of this document and it was, therefore, received in evidence. Thereafter, appellants attempted to introduce evidence showing alterations in this document and appellee's objections thereto were sustained by the trial court. We are of the opinion that at this point appellants should have made an offer of proof in accordance with Rule 43(h), Arizona Rules of Civil Procedure, 16 A.R.S. Having failed so to move, we are required to hold that no reversible error can be predicated upon the exclusion of evidence where no offer of proof has been made in connection therewith. Musgrave v. Karis, 63 Ariz. 417, 163 P.2d 278 (1945); Williams v. Long, 1 Ariz.App. 330, 402 P.2d 1006 (1965).

We have carefully reviewed the record in this case and have determined that fundamental and reversible error was committed by the trial court in instructing the jury. Regarding the issue of contributory negligence, the court gave the following instructions:

> "Was the plaintiff guilty of contributory negligence?
>
> "If your answer to that question is 'Yes,' your verdict *must* be for the defendant, but if your answer is 'No,' and you previously have found, by a preponderance of the evidence that the defendant was negligent, and that such negligence was a proximate cause of plaintiff's injury, if any, you must find for plaintiff." (Emphasis supplied.)
>
> "I am now going to instruct you with respect to the law of contributory negligence. You will understand that even though you should find that the defendant was negligent, if you further find that the plaintiff Donna J. Krek was negligent, and that her negligence proximately contributed to the injuries and damage asserted by plaintiffs, your verdict *must* be in favor of the defendant." (Emphasis supplied.)

The propriety of these instructions has not been raised in this appeal nor does the record disclose any objections made thereto during the trial. However, this Court believes it to be its duty to raise this error on its own motion. Vegodsky v. City of Tucson, 1 Ariz.App. 102, 399 P.2d 723 (1965). This Court, in our decision in the Vegodsky case, reversed and remanded the judgment of the lower court on our own motion because of an erroneous instruction. The trial court in Vegodsky instructed the jury that if they found that the plaintiff's negligence contributed to her injuries as a proximate cause thereof, then the jury "must" render judgment in favor of the defendant. That such instruction is erroneous is evident by the doctrine laid down by our Supreme Court in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), and that this Court is under a duty to raise this issue by its own motion is clear in Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963).

For the foregoing reasons, it is hereby ordered that the judgment of the trial court in favor of the defendant is reversed and the case is remanded for a new trial.

HATHAWAY and MOLLOY, JJ., concur.

Note: This cause was decided by the Judges of Division Two, as authorized by A.R.S. § 12–120, subd. E.