443 P.2d 704

**Charles B. BLAND, Appellant,**

v.

**Toulia Jean BOCK, Appellee.**

**No. 1 CA–CIV 552.**

Court of Appeals of Arizona.

July 18, 1968.

Ronald W. Carmichael, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Mahowald, Jr., Phoenix, for appellee.

HATHAWAY, Chief Judge.

Charles B. Bland, was the plaintiff in a personal injury action arising out of an automobile collision in which his automobile was struck from the rear by an automobile driven by the defendant, Toulia Jean Bock. The cause was tried to a jury and a verdict was returned for the defendant and judgment was duly entered thereon.

The plaintiff contends that the cause should be reversed and remanded for a new trial because the jury was erroneously instructed.

On May 14, 1963, at approximately 9 o'clock in the morning, Mr. Bland, the plaintiff, and Miss Bock, the defendant, were both traveling south on Seventh Street. Miss Bock was following the pickup truck driven by the plaintiff. Just before the collision, they both stopped at a traffic light at the intersection of Seventh Street and Missouri. Mr. Bland was just ahead of Miss Bock on the inside lane of the street. After the light changed to green, both vehicles moved forward in the heavy traffic. About half a block south of the intersection, the line of cars in front of the plaintiff came to a stop and he quickly began to stop. He did not indicate his braking action with

a hand signal and the defendant testified that the brake lights on the truck did not operate. The plaintiff testified that as he was slowing to a stop he felt that the car he observed behind him (the defendant's car) was going too fast to stop and to escape collision. He quickly turned to the left in an attempt to avoid being struck by the defendant's vehicle. This attempt was unsuccessful, however, and the collision did occur, causing the damages and injuries for which this action was brought.

The plaintiff complains on this appeal that erroneous and contradictory instructions were given to the jury on propositions of law relating to contributory negligence. The questioned portions of an instruction (defendant's requested jury instruction No. 1), which was given, stated:

"If you find that plaintiff was negligent, you then must determine a fourth issue, namely:

"Did that negligence contribute as a proximate cause of the injury of which the plaintiff here complains?

"*If you find that it did, your verdict must be for the defendant,* but if you find that it did not, and you previously have found that negligence on defendant's part was a proximate cause of plaintiff's injury, you then must fix the amount of plaintiff's damages and return a verdict in his favor." (Emphasis supplied)

■ The foregoing instruction is clearly erroneous because it *requires* the jury to return a verdict for the defendant upon a finding of contributory negligence, contrary to decisions of our Supreme Court holding that the jury can only be instructed that it "should" find for the defendant where contributory negligence is involved. Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962); Holtz v. Holder, 101 Ariz. 247, 418 P.2d 584 (1966). We have so held in Krek v. Briel, 3 Ariz.App. 126, 412 P.2d 301 (1966).

The plaintiff did not object to the instruction and raises the matter for the first time on this appeal. Giving of the instruction, however, constituted fundamental error and is not waived by the failure to

object. Holtz v. Holder, supra; Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963); Krek v. Briel, supra. As our Supreme Court said in Holtz v. Holder, supra:

"The giving of a mandatory instruction in favor of defendant Holder constituted a fundmental and reversible error in that it deprived appellant of a constitutional right." [Referring to Art. 18, § 5, A.R.S. Constitution] 101 Ariz. at 252, 418 P.2d at 589.

The defendant contends that this case does not fall within the purview of the foregoing cases because here the error was corrected by the trial court in a subsequent jury instruction which correctly stated the law concerning contributory negligence. We reject that contention. After giving the erroneous instruction, supra, the court instructed the jury concerning the standards for determining negligence and other elements of the definition of negligence, burden of proof, and statutory duties of drivers of motor vehicles. These instructions, which followed the erroneous instruction on contributory negligence, constitute nearly eight pages of the transcript. The jury was then instructed:

"You are further instructed that the law does not recognize degrees of fault in this type of case, and the rule is not changed by the fact that one party was more negligent than the other, if you find this to be the case. *Thus, if you find that both the defendant and the plaintiff were guilty of negligence, and that the negligence of both contributed to the damages, you are instructed that your verdict should be for the defendant,* regardless of whether either was more negligent than the other." (Emphasis supplied)

The foregoing instruction was taken from Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962) and correctly states the law. As indicated in the emphasized portions of both instructions, however, they are contradictory. Though the latter instruction correctly states the law, we have no way of knowing whether the jury was misled in its de-

liberations by the former incorrect instruction since the trial court gave them as separate instructions.[1] The jury was placed in the untenable position of selecting the applicable law. We cannot divine the correctness of their selection. The matter must therefore be reversed for retrial to a properly instructed jury. Glenn v. Chenowth, 71 Ariz. 271, 226 P.2d 165 (1951); Arizona Copper Co. v. Burciaga, 20 Ariz. 85, 177 P. 29 (1918); 53 Am.Jur. Trial § 557.

■ Defendant also contends that plaintiff's counsel actually endorsed and encouraged the giving of the erroneous instruction and should therefore be precluded from objecting here because of the principles of estoppel and "invited error." This is so, defendant says, because plaintiff's counsel objected to the giving of another instruction (defendant's requested instruction No. 11) on the ground that its content was already covered by defendant's requested jury instruction No. 1, which was the erroneous instruction. We do not believe that such action would be sufficient to invoke the application of the principles stated. Those principles may be inapplicable in a case involving fundamental error—a question which we need not consider.

■ We also hold that the trial court committed error in instructing the jury concerning a driver's duty to signal his intention to make a left turn. The plaintiff's turning motion in this case was never intended to be a left turn but was conceded to be only an evasive action. The trial court should then have refused to give this instruction. Eldredge v. Miller, 78 Ariz. 140, 277 P.2d 239 (1954).

We find another matter, concerning an instruction on foreseeability, without merit and deem it unnecessary to discuss it.

Reversed and remanded for a new trial.

KRUCKER, J., concurs.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

MOLLOY, Judge (specially concurring).

I concur in the reversal of this decision because the Supreme Court of this State has declared in clear terms that it is "fundamental error" for a trial court to use the word "must" when it should have used the word "should." The reason given for the result reached is that such an instruction deprives a plaintiff of " * * * a constitutional right." Trojanovich v. Marshall, 95 Ariz. 145, 146, 388 P.2d 149 (1963).

Prior to *Trojanovich*, I had thought that almost any constitutional right could be waived. See 16 Am.Jur.2d Constitutional Law § 131, at 328; 16 C.J.S. Constitutional Law § 89, at p. 263.

Even so fundamental a constitutional right as that of jury trial[1] is waived if the party does not make a written demand for same within ten days after the case is at issue. Rule 38(b), Rules of Civil Procedure, 16 A.R.S., and see Smith v. Rabb, 95 Ariz. 49, 54, 386 P.2d 649 (1963), holding that an oral request for a jury trial is insufficient.

Rule 51(a), Rules of Civil Procedure, 16 A.R.S., states categorically:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

When there is no objection to an instruction, as here, this rule has received vigorous support by our Supreme Court. See Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963); Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 (1961), rehearing

---

1. This case does not therefore come within the holding of Whitly v. Moore, 5 Ariz. App. 369, 427 P.2d 350 (1967) where an erroneous instruction was corrected.

1. Our Supreme Court has said: "The right to a jury trial should be jealously guarded and preserved by the courts * * *." Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 47, 410 P.2d 479, 486, 16 A.L.R.3d 1362 (1966).

91 Ariz. 371, 372 P.2d 708 (1962), and cases cited therein.

That errors of the Layton v. Rocha[2] variety may be based more on semantics than fundamentals is suggested by the recent approval by our Supreme Court of the instruction that: " 'A person who thus assumes a risk *is not entitled to recover* for damage caused him * * *.' " (Emphasis added.) Wells v. Tanner Brothers Contracting Company, 103 Ariz. 217, 439 P.2d 489, 496 (1968). The italicized verbiage is the very same as that struck down in Schmidt v. Gibbons, 101 Ariz. 222, 224, 418 P.2d 378, 380 (1966), because it suffers " * * * from the same defect * * *" as the other compulsory instructions excised under the aegis of *Layton.* Whatever constitutional basis there is for *Layton* is equally applicable to an assumption of risk defense. Ariz.Const. art. 18, § 5, A.R.S.[3] That our Supreme Court can comfortably and unanimously approve such an instruction on assumption of risk, without seeing any fundamental error, is an explanation of why the trial court here failed to see his fundamental error in giving this instruction as to which no one objected.

By permitting a trial court to drift into this type of error, a litigant is guaranteed a retrial. He can take his chances with the first jury trial, knowing that, if he fails to succeed, he can try again with the word "must" changed to the word "should." This should not be the law, but that it is, is undisputed, and such being the case, this court may not choose a different law.

2. 90 Ariz. 369, 368 P.2d 444 (1962).

3. "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."