462 P.2d 819

**Howard HEIMKE and Juanita Heimke, his wife, Appellants,**

v.

**Robert Lopez MUNOZ and Gilbert M. Munoz and Jane Doe Munoz, parents of Robert Lopez Munoz, Appellees.**

**No. 1 CA–CIV 968.**

Court of Appeals of Arizona, Division 1.

Department B.

Dec. 31, 1969.

Rehearing Denied Jan. 23, 1970.

Review Granted March 10, 1970.

------

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellants.

Fennemore, Craig, von Ammon, McClennen & Udall, by Kenneth L. Tucker, Phoenix, for appellees.

HAIRE, Judge.

Plaintiffs filed an action seeking to recover for alleged personal injuries arising out of an automobile collision. In the trial court the jury returned a verdict for the defendants and judgment was entered in accordance therewith.

Plaintiffs have raised several questions on this appeal, but we find it necessary to discuss only those relating to the trial court's alleged error in instructing the jury concerning the defense of contributory negligence. The instruction complained of reads as follows:

"Inasmuch as the plaintiffs in this action are husband and wife, if you should find that either one was negligent and that such negligence contributed as a proximate cause of the accident, *then*, under our law, *neither one may recover*, although one may have been wholly innocent of any negligent conduct." (Emphasis supplied).

Plaintiffs contend that the foregoing constitutes a mandatory or "must" contributory negligence instruction and that it is therefore in violation of Ariz.Const. art. 18, sec. 5, as interpreted in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

On the other hand defendant contends (1) that the instruction complained of deals with imputed negligence and thus is not a mandatory instruction on contributory negligence; (2) that there was a separate proper instruction on contributory negligence, and that the instructions considered as a whole properly informed the jury of its duty concerning contributory negligence; and (3) that plaintiffs waived their right to assign as error the giving of said instruction.

Art. 18 of the Arizona Constitution is entitled "Labor". Sec. 5 thereof provides as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

This section has not been amended since its adoption at the Arizona Constitutional Convention in 1910. Although it has been cited and discussed in many interim decisions, it was not until the 1962 Layton decision that the doctrine upon which plaintiffs rely gained a foothold in Arizona law. Based upon the above quoted constitutional provision the Layton decision held that it would be error for a trial court to instruct a jury that if it found plaintiff guilty of contributory negligence which was a proximate cause of plaintiff's injuries, the verdict "must" be for the defendant. While the court in Layton disapproved the mandatory "must", it approved the word "may" used in a permissive sense as it was in Layton, but stated that the preferable form for such instruction was that in the event

the jury found said contributory negligence and causation, the jury "should" find for the defendant. The Layton doctrine has been applied in several subsequent Arizona Supreme Court decisions. Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963); Deering v. Carter, 92 Ariz. 329, 376 P.2d 857 (1962); Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968). As we interpret these decisions, a plaintiff's admitted contributory negligence has ceased to be a defense available as a matter of law to a defendant, but rather now exists in the nature of largess, a gratuity to be dispensed by the jury if it feels inclined to do so.

Although this court is bound by the prior decisions of our Supreme Court in this matter, we cannot help but wonder whether or not the above-cited decisions have correctly interpreted Art. 18, Sec. 5, when these decisions allow the jury to completely disregard the defense of contributory negligence after it (the jury) has found from the facts that the plaintiff has been contributorily negligent and that such negligence was a proximate cause of plaintiff's injuries. We do not doubt that the drafters of our constitution intended to reserve to the jury the right to determine the question of causation and to determine what facts constitute contributory negligence, and that they further intended to deprive the court of the right to rule that certain facts would constitute contributory negligence as a matter of law. See Wolfswinkel v. Southern Pacific Co., 82 Ariz. 33, 307 P.2d 1040 (1957). However, we cannot believe that the drafters of the constitution intended that the defense of contributory negligence was not to be available as a matter of law once the jury found that a party was negligent and that such negligence was a proximate cause of his injuries.

Most of the reasons which lead us to believe that the Layton interpretation of this constitutional provision is erroneous are set forth in the dissenting opinion of Justices Udall and Jennings in Layton. Further, we think the criticisms of Judge Molloy in Vegodsky v. City of Tucson, 1 Ariz.App. 102, 399 P.2d 723 (1965), are cogent. In that decision, while acknowledging that the Court of Appeals was bound by the Arizona Supreme Court's holding in Layton, Judge Molloy stated:

"The writer of this opinion deplores the Layton v. Rocha doctrine, considering it to be a violation of one of the fundamental precepts of our system of justice —that we are a government of law which applies to all alike. The Layton doctrine casts to twelve persons selected by lot shortly before trial the power to determine what the law will be as to the particular individuals before it. It sets down no standard for them to apply. Presumably, they may grant relief to a negligent plaintiff because they have an affinity for him and/or an aversion for the defendant, or, conversely, they may deny relief for equally capricious reasons."

(1 Ariz.App. at 105, 399 P.2d at 726).

As we have previously stated, several Arizona decisions subsequent to Layton have recognized and applied the Layton doctrine. However the recent opinion of the Arizona Supreme Court in Quintero v. Continental Rent-A-Car System, Inc., 105 Ariz. 135, 460 P.2d 189 (1969), appears to indicate a retreat from Layton. In Quintero the court held that where the complaint on its face showed that plaintiff's decedent was negligent and that such negligence was a proximate cause of his death, he *could not have maintained* an action against the defendant had he lived, and therefore the trial court did not err in granting summary judgment for the defendant. Under a strict application of Layton, even if the existence of facts showing that plaintiff's decedent was negligent and that such negligence was a proximate cause of his death are admitted, the law of contributory negligence would still be for the jury and it would be error to instruct the jury that if it found the existence of the above facts it *could not* find for the plaintiffs. However, regardless of what Quintero might portend, and even though we would decide the question differently if presented to us without the guidance of prior Arizona Supreme Court

 

decisions on the point, the fact remains that this court is bound by Layton and must decide the questions presented in the light of Layton and its progeny. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

After reviewing the questioned instruction we are of the opinion that it clearly constitutes a mandatory instruction on contributory negligence which is contrary to Layton. See Trojanovich v. Marshall, *supra*. The fact that a separate correct instruction on contributory negligence was also given could not cure this "fundamental constitutional error". Bland v. Bock, 8 Ariz.App. 97, 443 P.2d 704 (1968).

Insofar as concerns defendants' contention that plaintiffs waived any error which the trial court might have committed, we have read the transcript and are not convinced that there was any waiver. The record shows that plaintiffs' attorney properly objected to the instruction. We do not believe that the trial court's failure to correct the instruction and re-read the same to the jury can be attributed to the initial comment of counsel for plaintiffs that he felt that a re-reading might unduly emphasize this particular aspect of the case. Rather it appears to us that the trial court's failure to correct the instruction was predicated upon defense counsel's argument that the instruction as given did not relate to contributory negligence but rather related to imputed negligence and was therefore correct as read by the court.

The Arizona decisions hold that a mandatory contributory negligence instruction constitutes fundamental constitutional error and that such error may be urged or raised on appeal even in the absence of any objection in the trial court. Trojanovich v. Marshall, *supra*; Kelch v. Courson, *supra*; Bland v. Bock, *supra*. In view of these holdings and the circumstances reflected in the transcript pertaining to counsel's remarks in the trial court, we hold that plaintiffs did not waive the right to question said instruction on this appeal.

The judgment of the trial court is reversed and the matter remanded with instructions to grant plaintiffs' motion for new trial.

EUBANK, P. J., and JACOBSON, J., concur.