861 P.2d 668

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political subdivision of the State of Arizona, Plaintiff/Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania corporation, Defendant/Appellee.**

No. 2 CA–CV 92–0173.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 9, 1993.

Review Denied Oct. 19, 1993.*

* Moeller, V.C.J., and Corcoran, J., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Copple, Chamberlin & Boehm, P.C. by Richard A. Black and Linzer & Lang, P.C. by David L. O'Daniel, Phoenix, for plaintiff/appellant.

Lewis and Roca by Douglas L. Irish and Janet Napolitano, Phoenix, for defendant/appellee.

## OPINION

DRUKE, Presiding Judge.

Salt River Project (SRP) appeals from an adverse jury verdict on its breach of warranty and product liability claims against Westinghouse Electric Corporation (Westinghouse). We are not unmindful that this case is over 15 years old, was previously on appeal, and took almost four months to try. Nevertheless, we must reverse because of improper jury instructions.

This case began in May 1976 when an SRP steam turbine was damaged as a result of a defect in a local maintenance controller (LMC) supplied by Westinghouse. The defect was the loss of the negative 15–volt direct current power supply (–15VDC) in the LMC, which caused the LMC to open the turbine's fuel throttle valve to five times its normal start-up opening. This allowed an excessive amount of gas to enter the turbine, generating too much heat, and damaging the turbine's blades and vanes at a replacement cost of $1,937,869.74.

SRP filed a two-count complaint against Westinghouse in October 1977 alleging product liability due to design defect in the LMC and breach of warranty. By stipulation, SRP was subsequently permitted to file first and second amended complaints in April and July 1978, respectively. The second amended complaint added count three alleging that Westinghouse negligently designed, built, installed, or maintained the LMC. In April 1979, Westinghouse moved for summary judgment on counts one and two and partial summary judgment on count three. The motion was granted by the trial court and Division One of this court affirmed. *Salt River Project v. Westinghouse Electric Corp.*, 143 Ariz. 437, 694 P.2d 267 (App.1983). On review, the supreme court affirmed in part, reversed in part, and remanded the matter for trial. *Salt River Project v. Westinghouse Electric Corp.*, 143 Ariz. 368, 694 P.2d 198 (1984).

Approximately four weeks before the scheduled trial date of March 6, 1989, SRP moved to amend its complaint for a third time as to the product liability claim to allege improper or inadequate warning or instruction. The trial court denied the motion and, after two brief continuances, proceeded with jury selection on March 14, 1989. On June 20, 1989, the presentation of evidence was completed and the court and counsel informally settled instructions without a court reporter. A formal record was made the following day.

■ Westinghouse's Requested Jury Instruction No. 30 covered three affirmative

defenses: misuse, failure to maintain, and assumption of risk. It was given by the court after striking the defense of failure to maintain, and stated the following in pertinent part:

> If Westinghouse proves any one of those two affirmative defenses [misuse and assumption of risk], then you *must* find in favor of Westinghouse on Salt River Project's products liability claim.

(Emphasis added.) The court also gave Westinghouse's Requested Jury Instruction No. 35 defining assumption of risk, which stated the following in the first sentence:

> Westinghouse *is not at fault* if it proves that Salt River Project assumed the risk of injury and that Salt River Project's assumption of risk caused the injury.

(Emphasis added.)

SRP initially objected to the court giving any instructions on assumption of risk as being unsupported by the evidence. However, when it became apparent the court would nevertheless instruct on that defense, SRP submitted its own instruction on the matter, SRP's Requested Jury Instruction No. 35, and made the following record:

> [SRP'S COUNSEL]: We are submitting 35 as being a correct statement of assumption of risk. We are not waiving our objection to the giving of the assumption of risk instruction ..., but if it is to be given it should be given in the form of our 35 rather than as the defendant has offered it....
>
>     *    *    *    *    *    *
>
> ... I submit that the form that we proposed, 35, sets forth the correct law relative [to] assumption of risk, *what the jury is to do with it* and the item—
>
> THE COURT: Okay. I am refusing that as covered by [Westinghouse's] 35.

(Emphasis added.)

The court submitted four interrogatories and two general verdict forms to the jury. The interrogatories required the jury to determine, *inter alia*, whether SRP's claim sounded in contract or tort, and the jury found it was the latter. The jury then found that Westinghouse was not liable on the tort claim and returned a general verdict against SRP.

SRP raises five issues on appeal. One is dispositive. The assumption of risk instructions submitted by Westinghouse and given by the trial court are constitutionally infirm and constitute reversible error.

Article 18, § 5 of the Arizona Constitution provides:

> The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

The scope and effect of article 18, § 5 were first addressed in *Inspiration C.C. Co. v. Conwell,* 21 Ariz. 480, 190 P. 88 (1920). There, our supreme court concluded that but for the provisions of article 18, § 5, the trial court would have been obligated to grant the defendant a new trial on the ground that the verdict was contrary to the evidence on the question of the assumption of risk. The court said that "[t]he language of the provision is plain and unambiguous, and to our minds clearly indicates that the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury." *Id.* at 486, 190 P. at 90. This holding was reaffirmed 40 years later in *Layton v. Rocha,* 90 Ariz. 369, 370, 368 P.2d 444, 445 (1962) (whether contributory negligence deprives the plaintiff of the right to recover is "solely a question for the jury"), and continues unabated to the present. *See Bauer v. Crotty,* 167 Ariz. 159, 164, 805 P.2d 392, 397 (App.1991) ("Under art. 18, § 5, contributory negligence is always a question of fact for the jury"). The holding is equally applicable to assumption of risk. *See Schwab v. Matley,* 164 Ariz. 421, 793 P.2d 1088 (1990); *Grant v. Arizona Public Service Co.,* 133 Ariz. 434, 652 P.2d 507 (1982); *Chavez v. Pima County,* 107 Ariz. 358, 488 P.2d 978 (1971); *Davis v. Waters,* 103 Ariz. 87, 436 P.2d 906 (1968); *Inspiration C.C. Co. v. Conwell, supra; Menendez v. Bartlett,* 125 Ariz. 48, 607

P.2d 31 (App.1980); *Shaya v. Petzoldt,* 21 Ariz.App. 91, 515 P.2d 1189 (1973).

The struggle, however, has not been with the mandate of article 18, § 5, but rather with how to instruct the jury. Its provisions are not violated by instructions, such as the following, which are permissive and leave the plaintiff's recovery to the discretion of the jury if it finds that the plaintiff was negligent or assumed the risk:

"[P]laintiff *should not* recover." *Rimondi v. Briggs,* 124 Ariz. 561, 565, 606 P.2d 412, 416 (1980), and cases cited therein. (Emphasis in original.)

"[Y]our verdict *should* but need not be in favor of the Defendants...." *Manhattan–Dickman Const. Co. v. Shawler,* 113 Ariz. 549, 555, 558 P.2d 894, 900 (1976). (Emphasis added.)

"[P]laintiff *may* not be entitled to recover and your verdict *may* be for the defendant." *Layton v. Rocha,* 90 Ariz. at 370, 368 P.2d at 444. (Emphasis in original.)

"[Y]our verdict *may,* but need not be, in favor of Defendants...." *Roundy v. Stewart,* 140 Ariz. 201, 204, 680 P.2d 1262, 1265 (App.1984). (Emphasis added.)

"*[Y]ou may find for the Defendant or for the Plaintiff as you may see fit.*" *Winchester v. Palko,* 18 Ariz.App. 534, 537, 504 P.2d 65, 68 (1973). (Emphasis in original.)

"[P]laintiff *may not be entitled* to a recovery." *Flashberg v. Krebs,* 8 Ariz. App. 254, 255, 445 P.2d 456, 457 (1968). (Emphasis in original.)

On the other hand, article 18, § 5 is violated by mandatory instructions which compel, direct, or require the jury to find for the defendant if it finds negligence or assumption of risk on the plaintiff's part. The following are illustrative:

"[Y]our verdict *must* be for the Defendant and against the Plaintiff...." *Deering v. Carter,* 92 Ariz. 329, 331, 376 P.2d 857, 859 (1962). (Emphasis in original.) *See also Layton v. Rocha, supra; Michie v. Calhoun,* 85 Ariz. 270, 336 P.2d 370 (1959); *Wolfswinkel v. South-*

*ern Pacific Co.,* 81 Ariz. 302, 305 P.2d 447 (1956), *aff'd on reh'g,* 82 Ariz. 33, 307 P.2d 1040 (1957).

"[P]laintiff may not recover, regardless...." *Southern Pacific Transportation Co. v. Lueck,* 111 Ariz. 560, 573, 535 P.2d 599, 612 (1975).

"*[P]laintiff is not entitled to recover.*" *Schmidt v. Gibbons,* 101 Ariz. 222, 223, 418 P.2d 378, 379 (1966). (Emphasis in original.)

"*[P]laintiff cannot* recover in this case." *Trojanovich v. Marshall,* 95 Ariz. 145, 147, 388 P.2d 149, 150 (1963). (Emphasis in original.)

"[Y]ou are instructed to find in favor of the defendants." *Coyner Crop Dusters v. Marsh,* 91 Ariz. 371, 374, 372 P.2d 708, 710 (1962).

"[I]t is your sworn duty to return a verdict for the defendants." *Id.*

Unquestionably, the assumption of risk instructions given in this case are mandatory, rather than permissive. They instruct the jury that if Westinghouse proves SRP assumed the risk, then Westinghouse is "not at fault" and the jury "must" find in favor of Westinghouse. The instructions therefore deprive SRP of its constitutional right under article 18, § 5 to have the defense of assumption of risk "left to the jury" and thus require reversal. *Southern Pacific Transportation Co. v. Lueck, supra; Schmidt v. Gibbons, supra; Trojanovich v. Marshall, supra.*

Westinghouse contends, however, that that result need not obtain because (1) SRP waived any objection to the instructions, (2) they constitute harmless error, (3) other theories of defense support the verdict, and (4) article 18, § 5 is inapposite to a product liability action.

## WAIVER

Ordinarily, the predicate for reversible error based upon erroneous jury instructions is compliance with Ariz.R.Civ.P. 51(a), 16 A.R.S. This rule precludes the assignment of error on appeal unless the party timely objects to the instruction, "stating distinctly the matter objected to and the

grounds of the objection." Westinghouse asserts that no such distinct objection was made here as evidenced by the following comment of the trial court during oral argument on SRP's motion for new trial:

> I do not recall at any time Article 18, Section 5 or *Hemki v. Munoz* [sic], *Layton v. Rocha* being brought to my attention. If that particular issue were specifically brought to my attention or if I had in anyway [sic] inferred that it was, we, no doubt, would have been discussing that at length based upon the time that we took to settle these instructions, so it is my recollection that it was not raised at least to the point that I was cognizant of it.

However, as noted above, the record does reflect that the trial court cut off SRP's counsel just as he began to explain why SRP was offering its own instruction on assumption of risk. The record also reflects that that instruction contains the requisite, constitutionally permissive language that assumption of risk "should bar" SRP's recovery. In any event, it is unnecessary to decide whether SRP sufficiently complied with Rule 51(a) to preserve the error for appeal because the error was fundamental.

■ Fundamental error is that which goes to the very foundation of a case, *State Consolidated Publishing Co. v. Hill*, 39 Ariz. 163, 4 P.2d 668 (1931), or takes an essential right from a party, *Johnson v. Elliott*, 112 Ariz. 57, 537 P.2d 927 (1975), or deprives a party of a fair trial, *Maxwell v. Aetna Life Insurance Co.*, 143 Ariz. 205, 693 P.2d 348 (App.1984), or, as discussed above, deprives a party of a constitutional right. Fundamental error is not waived even in the absence of an objection, *Trojanovich v. Marshall, supra; Sulpher Springs Valley Elec. Co-op., Inc. v. Beltran*, 13 Ariz.App. 513, 478 P.2d 128 (1970); *Bland v. Bock*, 8 Ariz.App. 97, 443 P.2d 704 (1968), and must be considered *sua sponte* even when not raised on appeal. *Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550 (1968); *Trojanovich v. Marshall, supra; Krek v. Briel*, 3 Ariz.App. 126, 412 P.2d 301 (1966); *Vegodsky v. City of Tuc-son*, 1 Ariz.App. 102, 399 P.2d 723 (1965). Accordingly, there was no waiver in this case of the fundamental error in the court's instructions.

## HARMLESS ERROR

■ Westinghouse nevertheless contends that the error was harmless and reversal is thus unnecessary. The above discussion suggests otherwise; fundamental error is reversible error. *Holtz v. Holder*, 101 Ariz. 247, 418 P.2d 584 (1966); *Trojanovich v. Marshall, supra.* However, one of the cases cited by Westinghouse, *Jones v. Munn*, 140 Ariz. 216, 681 P.2d 368 (1984), suggests a contrary conclusion. In *Jones,* our supreme court had to decide whether it was reversible error for the trial judge to comment on the evidence in violation of article 6, § 27 of the Arizona Constitution. The court held:

> [A] case will not be reversed unless the comment prejudiced the party who opposed it, ... and the test for determining prejudice is whether there is a reasonable probability a different verdict might have been reached if the error had not occurred....

*Id.* at 221, 681 P.2d at 373 (citations omitted). Although *Jones* is ostensibly distinguishable from the instant case, application of its test for determining prejudice manifestly results in such a finding. Indeed, it begs the question to ask whether there was a reasonable probability the jury in this case might have reached a different verdict when its discretion to do so was foreclosed by instructions mandating otherwise. Those instructions plainly prejudiced SRP and thus constitute reversible error.

## OTHER THEORIES OF DEFENSE

■ Westinghouse next contends that reversal based on the assumption of risk instructions is not required because the verdict is amply supported by any one of its other theories of defense, namely, that the LMC was not defective, it was substantially modified by SRP, or SRP misused it. Westinghouse argues: "Arizona law is clear. A general verdict will be affirmed if *any* of the theories of liability (or defense)

is supported by substantial evidence." (Emphasis in original.) However, as SRP points out, "[t]he general rule on upholding a liability verdict from which Westinghouse incorrectly extrapolates its argument is not relevant in the present case [involving a general verdict based on erroneous jury instructions]." As SRP contends, the correct rule in such a case is as follows:

> Where an erroneous instruction has been given on the law, and a correct instruction might have produced a different result, the error is not cured by the fact that the jury might have found for the prevailing party on some basis unaffected by the error.

*Holtz v. Holder*, 101 Ariz. at 251, 418 P.2d at 588. *See also Noland v. Wootan*, 102 Ariz. 192, 427 P.2d 143 (1967); *Continental Life & Accident Co. v. Songer*, 124 Ariz. 294, 603 P.2d 921 (App.1979). Undoubtedly, the jury in the case at bar might have reached a different verdict but for the erroneous instructions on assumption of risk.

The jury's problem was further compounded by being faced with erroneous assumption of risk instructions on the one hand, and accurate misuse instructions on the other. *See* A.R.S. § 12–683. When confronted with a similar situation in *Bland v. Bock*, this court concluded:

> The jury was placed in the untenable position of selecting the applicable law. We cannot divine the correctness of their selection. The matter must therefore be reversed for retrial to a properly instructed jury.

8 Ariz.App. at 99, 443 P.2d at 706.

### APPLICABILITY OF ARTICLE 18, § 5

■ Westinghouse finally contends, citing *Bryant v. Continental Conveyor & Equipment Co., Inc.*, 156 Ariz. 193, 751 P.2d 509 (1988), that the assumption of risk instructions given in this case did not constitute fundamental error because article 18, § 5 does not apply to a product liability action. In *Bryant* a three-justice majority of our supreme court held "that the statute of repose [for a product liability action] . . . is not an abrogation of a substantive right of action protected by art. 18, § 6 because the tort of strict products liability did not exist at the time the constitutional provision was adopted." *Id.* at 195, 751 P.2d at 511. That rationale, Westinghouse argues, compels a similar conclusion regarding article 18, § 5, namely, that its enumerated defenses apply only to those causes of action extant at the time article 18, § 5 was adopted, which do not include a product liability action. Although there is much to be said for Justice Feldman's dissent in *Bryant* that the majority's rationale is unsupported historically,[1] there are other reasons why Westinghouse's argument must fail.

First, the holding in *Bryant* is explicitly limited to article 18, *§ 6* involving a *right of action* to recover damages. Nothing in the court's opinion implies that its holding is intended to encompass the *defenses* in *§ 5*. Moreover, such an implication would be inconsistent with the very different purposes of the two sections; § 6 being to preclude the abrogation of common law actions in existence at the time the Arizona Constitution was adopted, *Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984), and § 5 being to preserve the procedural guarantee that juries shall be the sole arbiters of the effect of contributory negligence or assumption of risk. *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 717 P.2d 434 (1986).

■ Second, unlike § 6, § 5 is not bound by the chains of time to only those common law actions in existence when our constitution was adopted. Without limitation, § 5 expressly provides that contributory negligence and assumption of risk shall be a jury question "in all cases whatsoever." However, unlike the actions protected by

---

**1.** Justice Feldman said: "[T]he *right of action* to recover damages for injuries caused by defective products was recognized at common law long before Arizona became a territory. While not universally applied to product liability cases until recent times, theories of strict and even absolute liability were recognized in tort law well before 1912." *Bryant*, 156 Ariz. at 198, 751 P.2d at 514 (citations omitted, emphasis in original).

§ 6, the defenses in § 5 can be modified or repealed by the legislature. *Hall v. A.N.R. Freight System, Inc., supra; Superior & Pittsburgh Copper Co. v. Tomich,* 19 Ariz. 182, 165 P. 1101 (1917). Nevertheless, the legislature has not seen fit to abolish the defense of assumption of risk as it pertains to a product liability action. The relevant statutes, A.R.S. §§ 12–542, 12–551, and 12–681 through 12–686, do not evidence such a legislative intent, and A.R.S. § 12–682 appears to preserve the defense by providing that "[t]he previously existing common law of products liability is modified only to the extent specifically stated in this article and § 12–551." [2] As the court observed in *Del E. Webb Corp. v. Superior Court,* 151 Ariz. 164, 170, 726 P.2d 580, 586 (1986): "The common law has recognized contributory negligence and assumption of the risk as defenses in tort actions for almost 200 years."

At most, the legislature has simply modified the sometimes all-or-nothing effect of these defenses by enactment of the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 through 12–2509. Although the Act is inapplicable to the case at bar, *Hall v. A.N.R. Freight System, Inc., supra,* it adopts and incorporates almost verbatim in A.R.S. § 12–2505 the language of article 18, § 5 that both defenses shall "in all cases" be left to the jury; provides specifically in A.R.S. § 12–2509(A) that the right of contribution applies to "strict liability in tort or any product liability action, as defined in § 12–681"; and states expressly in A.R.S. § 12–2509(C) that "with respect to cases involving assumption of risk, the relative degree of fault of a person strictly liable in tort is the defect causing injury to the claimant."

## CONCLUSION

The assumption of risk instructions given by the trial court in this case were erroneous; if the jury found assumption of risk, the instructions mandated a defense verdict in contravention of article 18, § 5 of the Arizona Constitution. The error was thus fundamental error and could not be waived. Moreover, because it was prejudicial, it is reversible error and requires a new trial. Accordingly, the other issues raised on appeal need not be addressed.

HATHAWAY and ESPINOSA, JJ., concur.

---

**2.** A.R.S. § 12–551 is the statute of repose which was in issue in *Bryant, supra,* and generally limits product liability actions to those commenced within 12 years after the product was first sold.