NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LARRY E. FRANCIS, a single man, *Plaintiff/Appellant*,

*v.*

DONALD W. PURK, a single man, *Defendant/Appellee*.

No. 1 CA-CV 16-0006
FILED 12-20-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2014-010016
The Honorable James T. Blomo, Judge

**VACATED AND REMANDED**

---

COUNSEL

Schmitt Schneck Smyth Casey & Even, P.C., Phoenix
By Timothy J. Casey
*Counsel for Plaintiff/Appellant*

Law Office of Denise L. Amanatidis, Phoenix
By Michael E. Palumbo
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**         Plaintiff/appellant Larry E. Francis appeals the superior court's summary judgment in favor of defendant/appellee Donald W. Purk. Because Purk owed Francis a duty as a matter of law, and questions of fact exist regarding whether Purk breached the duty of care he owed Francis and whether Francis was contributorily negligent and/or assumed the risk, we vacate the judgment in favor of Purk and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY[2]**

**¶2**         Purk owned a residential property ("the home") in Phoenix. Purk had hired Francis to paint and work on other projects at the home, and on April 22, 2014, Francis prepared to paint an eave—the lower portion of the roof that overhangs the exterior wall. Francis laid a small plywood board on top of part of a horizontal trellis[3] attached to the home next to and below the eave, climbed onto the board, and was injured when the ostensible supporting portion of the trellis collapsed under his weight.

**¶3**         Francis filed a complaint against Purk, alleging negligence - premises liability. The parties filed cross-motions for summary judgment, with Purk arguing in part that he did not know, have reason to know, or

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]     In reviewing summary judgment, we view the evidence in the light most favorable to the appellant, Francis. *See Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 116, ¶ 17, 180 P.3d 977, 981 (App. 2008).

[3]     The trellis consisted of lightweight, hollow metal beams used as a patio covering or solarium to provide light shade.

create the condition of the trellis; the condition of the trellis did not constitute an unreasonably dangerous condition or pose an unreasonable risk of harm, and to the extent it did, he had reason to expect Francis would discover the condition or realize its danger; and, ultimately, that he (Purk) owed no duty to Francis.[4] After further briefing by the parties, the superior court held oral argument on the motions.[5]

¶4        After taking the matter under advisement, the superior court granted Purk's motion for summary judgment and denied Francis's motion, reasoning as follows:

> Plaintiff was able to view the fake hollow metal beams and was concerned enough that he took a number of steps to ensure that the fake beams were sufficient to hold his weight. Plaintiff was a painter with 30 to 35 years' experience. The Court finds that Defendant had no duty to Plaintiff regarding the structural integrity of the hollow metal fake beams.

¶5        We have jurisdiction over Francis's appeal of the superior court's judgment. *See* Ariz. Rev. Stat. § 12-2101(A)(1) (2016).

## ANALYSIS

¶6        Francis argues the superior court erred by granting summary judgment in favor of Purk because, as a matter of law, Purk owed Francis a duty of reasonable care, and genuine issues of material fact otherwise preclude judgment as a matter of law.

¶7        The superior court shall grant summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). If the evidence would allow a jury to resolve a material issue in favor of either party, summary judgment

---

[4]       Because we vacate the judgment on other grounds, we need not and do not decide Francis's argument that Purk's "no duty" argument was untimely.

[5]       During oral argument, Francis conceded that his motion for summary judgment should be denied.

is improper. *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App. 1990).

**¶8**     To establish negligence, a plaintiff must show (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach of that standard that (3) causes injury, and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007). "The issue of duty is not a factual matter; it is a legal matter to be determined *before* the case-specific facts are considered." *Id.* at 145, ¶ 21, 150 P.3d at 232 (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985); 1 Dan B. Dobbs, *The Law of Torts* § 226, at 577 (2001)).[6]

**¶9**     Arizona law imposes a duty on a possessor of land to use reasonable care to make the premises safe for invitees. *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 22, 293 P.3d 520, 528 (App. 2013) (citing *Markowitz*, 146 Ariz. at 355, 706 P.2d at 367); *see also Piccola v. Woodall*, 186 Ariz. 307, 310, 921 P.2d 710, 713 (App. 1996) (holding that a landlord has a duty to exercise reasonable care for the safety of tenants and others). "The standard of reasonable care generally includes an obligation to discover and correct or warn of unreasonably dangerous conditions that the possessor of the premises should reasonably foresee might endanger an invitee."[7] *McMurtry*, 231 Ariz. at 252, ¶ 23, 293 P.3d at 528.

**¶10**     In this case, as a handyman and painter hired by Purk to work on Purk's home, Francis was an invitee; accordingly, Purk owed Francis a duty to use reasonable care to make the premises safe for Francis. The superior court therefore erred in finding Purk owed no duty to Francis as a matter of law.

**¶11**     Purk suggests that the trellis was not unreasonably dangerous because there is no evidence that it would have collapsed if Francis had not climbed on it. That is a question for the jury, however, which could find that Purk violated the standard of care if it determines that he should have reasonably foreseen that an invitee, including Francis, would climb on the structure. *See McMurtry*, 231 Ariz. at 252-53, ¶ 23, 293 P.3d at 528-29. "A

---

[6]     Although whether a duty exists is a matter of law, the other elements, including breach and causation, are factual matters generally decided by the jury. *Gipson*, 214 Ariz. at 143, ¶ 9, 150 P.3d at 230 (citing *Markowitz*, 146 Ariz. at 356, 358, 706 P.2d at 368, 370).

[7]     This statement and our decision should not be construed as adopting the strict standard of care advocated by Francis.

reasonably foreseeable event is one that might 'reasonably be expected to occur now and then, and would be recognized as not highly unlikely if it did suggest itself to the actor's mind.'" *Id.* at 253, ¶ 23, 293 P.3d at 529 (citation omitted). If reasonable people could differ about whether a danger is foreseeable, the jury must resolve the issue. *Id.* (citing *Markowitz*, 146 Ariz. at 357-58, 706 P.2d at 369-70).

**¶12** Moreover, to the extent the superior court's ruling may be construed as relying on contributory negligence or assumption of the risk to obviate any duty owed to Francis, such ruling invaded the province of the jury. Pursuant to Article 18, § 5, of the Arizona Constitution, "[t]he defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." *Accord Gunnell v. Ariz. Pub. Serv. Co.*, 202 Ariz. 388, 394, ¶ 23, 46 P.3d 399, 405 (2002) ("[I]n a negligence case, the jury is the sole arbiter of fact and law as to the defenses of contributory and comparative negligence." (citations omitted)). By deciding as a matter of law that Purk owed Francis no duty, ostensibly because Francis had fully assumed the risk, the court's ruling ran afoul of Article 18, § 5, of the Arizona Constitution.[8]

---

[8] Of course, our decision would not prevent a *jury* from finding Francis one hundred percent at fault under comparative fault or assumption of the risk principles. *See Franklin v. Clemett*, 240 Ariz. 515, 521, ¶ 10, 382 P.3d 802, 808 (App. 2016) ("[J]ury instructions that are 'permissive and leave the plaintiff's recovery to the discretion of the jury if it finds that the plaintiff was negligent or assumed the risk' also pass muster under Article 18, § 5." (quoting *Salt River Project Agric. Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 176 Ariz. 383, 386, 861 P.2d 668, 671 (App. 1993) (quoting with approval permissive instructions, such as "[p]laintiff *may* not be entitled to recover and your verdict *may* be for the defendant," and "[y]our verdict *may*, but need not be, in favor of Defendants"))).

**CONCLUSION**

¶13 For the foregoing reasons, we vacate the judgment and remand for further proceedings consistent with this decision. We award taxable costs to Francis upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA