NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

PAMELA J. LAYLAND, *Petitioner/Appellee,*

*v.*

NEIL E. LAYLAND, *Respondent/Appellant.*

No. 1 CA-CV 15-0853 FC
FILED 1-26-2017

Appeal from the Superior Court in Maricopa County
No. FN2014-052316
The Honorable Jennifer Ryan-Touhill, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Offices of March & March, Scottsdale
By Robert A. March
*Counsel for Petitioner/Appellee*

Neil E. Layland, Happy Jack
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the Court, in which Judge Patricia A. Orozco (retired) and Chief Judge Michael J. Brown joined.

---

**S W A N N**, Judge:

¶1          Neil E. Layland ("Husband") appeals the denial of his motion to reconsider the family court's granting of Pamela J. Layland's ("Wife") motion to reconsider the dissolution decree. For the following reasons, we vacate the family court's order granting mother's motion to reconsider and the order denying Husband's motion to reconsider that order, and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2          After almost 27 years of marriage, Wife petitioned for dissolution in 2014. In the joint pretrial statement, Wife listed an American General Life Annuity IRA account valued at $30,293 as community property and stated she had a premarital Putnam account with a premarital balance of $18,132.04. Wife also requested the family court order Husband to obtain a life insurance policy naming Wife as a beneficiary to secure Wife's interest in Husband's Public Safety Personnel Retirement System Account because dissolution would preclude Wife from receiving survivor benefits in the event of Husband's death.

¶3          At trial, Wife testified that she rolled the premarital Putnam account balance into certificates of deposit at another bank then, upon maturity, put the funds into another bank, which American General eventually bought.

¶4          The family court dissolved the parties' marriage and declined to award "any unspecified 'Putnam' account to Wife as her separate property" because the court had "no explanation" for the differing account values for the Putnam account and the American General account. The family court's decree did not address Wife's request for life insurance.

¶5          Wife moved for reconsideration, arguing the premarital Putnam account value increased "with additional dividend reinvestments and increases in value to the accounts for the 27 years from 1987 to 2015" to the "amount now held by Wife in the American General Life Annuity." In

the same motion, Wife also requested a further ruling on the life insurance issue that the family court had not addressed in the decree.

¶6        Without directing Husband to respond, the family court granted Wife's motion, awarding Wife the American General Life Annuity as her sole and separate property and ordering Husband to maintain a life insurance policy naming Wife as beneficiary.  Husband filed a motion to vacate or, alternatively, reconsider the revised order, which the family court denied.

## DISCUSSION

¶7        We review the family court's denial of Husband's motion for reconsideration for abuse of discretion.  *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).  Even if the family court erred, we will affirm if the error was harmless.  *See* Ariz. R. Fam. Law P. ("Rule") 86 (stating that no error in any ruling or order is ground for modifying an order "unless refusal to take such action appears to the court inconsistent with substantial justice").

¶8        Husband argues the family court erred in granting Wife's motion without providing Husband the opportunity to respond, in violation of Rule 84(B).  We agree.  Rule 84(B) reads in relevant part: "All such motions [for reconsideration or clarification] shall be submitted without oral argument and without response or reply unless the court otherwise directs.  No such motion shall be granted, however, without the court providing an opportunity for written response."  By granting Wife's motion without directing Husband to submit a response, the court committed clear error.

¶9        The error was not harmless, because it denied Husband a fundamental due-process right.[1]  Each party has a fundamental right to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Under Rule 84, the family court may deny motions that are facially meritless without squandering the court's or the non-moving

---

[1]        Though Husband did not raise due process arguments on appeal, fundamental error — error that takes an essential right from a party — is not waived by failing to argue it, and we must *sua sponte* consider it.  *Salt River Project Agr. Imp. & Power Dist. v. Westinghouse Elec. Corp.*, 176 Ariz. 383, 387 (App. 1993).

party's time with an unnecessary response. In such cases, the aggrieved party (the unsuccessful movant) has had an opportunity to be heard and has been afforded due process. However, when such a motion is granted, the ruling is inherently adverse to the non-moving party. If the non-moving party is not provided a full and fair opportunity to reply *before* a motion for reconsideration or clarification is granted, that party's fundamental due process rights are violated, and the ruling cannot be sustained.[2] Because Husband was not given an opportunity to respond to Wife's motion, the family court committed error.[3]

## CONCLUSION

¶10 We vacate the family court's order awarding Wife the value of the Putnam account and requiring Husband to take out a life insurance policy as well as the order denying Huband's request to reconsider the order and remand for Wife's motion to be considered after Husband has had an opportunity to respond. This decision is without prejudice to any order the family court may enter after appropriate proceedings on remand. We also deny Wife's request for attorney's fees on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2] Wife argues that Husband was given an opportunity to be heard when he filed his motion to vacate the order granting Wife's motion for reconsideration. We disagree. The issue is not whether Husband could in some form make his arguments later; the family court erred in granting Wife's motion without *first* hearing Husband's argument.

[3] Because the family court could not have granted Wife's motion for reconsideration, we do not address Wife's arguments on the merits.