445 P.2d 456

**Jack FLASHBERG and Esther A. Flashberg, his wife, Appellants,**

**v.**

**W. T. KREBS and John Romanesky, dba Fire King Battery Company, and Roland F. Adams, Appellees.**

**No. 1 CA–CIV 360.**

Court of Appeals of Arizona.

Sept. 26, 1968.

Rehearing Denied Oct. 31, 1968.

Review Denied Dec. 17, 1968.

Langerman, Begam & Lewis, by Frank Lewis, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by James H. O'Connor and Thomas A. McGuire, Jr., Phoenix, for appellees.

GOODING, Judge of the Superior Court.

This appeal involves a claim for personal injuries arising out of a rear-end collision. Plaintiffs appeal from a jury verdict in favor of defendants. The parties will be referred to in the singular.

The questions raised on this appeal are concerned primarily with the defense of contributory negligence.

Plaintiff was proceeding east on Thomas Road in Phoenix and stopped for a red light at the wide triple intersection of Grand Avenue, Thomas Road and 27th

Avenue. After the signal changed, plaintiff turned right onto Grand Avenue, went a short distance and then stopped prior to entering the travel portion of 27th Avenue. The evidence is conflicting as to whether plaintiff stopped because of a red light controlling traffic on Grand Avenue or because of a car proceeding north on 27th Avenue. The evidence is also conflicting as to the suddenness with which plaintiff stopped. Defendant, who had also been driving east on Thomas Road, stopped for the red light, turned onto Grand Avenue and then collided with plaintiff's car when she stopped prior to entering 27th Avenue.

## DIRECTED VERDICT

■ The first error claimed by plaintiff is the Court's refusal to grant plaintiff's motion for directed verdict on the issue of liability.

Plaintiff takes the position that defendant, by his own testimony, and by the testimony of his expert, had sufficient time to avoid the accident. Plaintiff then argues that she was under a duty to stop for the red light controlling Grand Avenue traffic before she entered the travel portion of 27th Avenue. We feel the evidence is conflicting as to whether defendant had time to avoid the collision. We also feel there was evidence from which a jury could conclude the plaintiff was negligent in stopping where she did and in the manner she did.

■ The Arizona Constitution clearly provides that the defense of contributory negligence shall at all times be left to the jury. A motion for directed verdict cannot be granted if there is any evidence showing, or tending to show, plaintiff was guilty of contributory negligence. The Court did not err in refusing to grant plaintiff's motion.

## CONTRIBUTORY NEGLIGENCE

The second error claimed by plaintiff is the Court's giving any instruction on contributory negligence. This is the same problem discussed above and is not error for the reasons given.

■ Plaintiff also claims that the following contributory negligence instruction was erroneous:

"If, after a complete survey of this evidence and your deliberations, you have reached the conclusion that both of the parties were negligent, that the defendants were negligent in one or more of the particulars, and that likewise the plaintiff, Esther Flashberg, herself was negligent, as is alleged, in one or more of the particulars, and that such negligence contributed in some degree to the bringing about of the accident, then the plaintiff *may not be entitled* to a recovery." (Emphasis supplied)

Section 5 of Article 18 of the Arizona Constitution, A.R.S. has been interpreted to mean that in its instructions to the jury, the trial court may not instruct the jury as to what its verdict *must* be with respect to the defense of contributory negligence. Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

Our Supreme Court has recently disapproved an instruction which directed the jury that if they found the plaintiff was guilty of contributory negligence and such was a proximate cause of his injury "[then] the plaintiff is not entitled to recover." Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378 (1966).

Language similar to that used in the instant case was considered by the Supreme Court in Layton v. Rocha, supra. There, the instruction concerning contributory negligence read, in applicable part, that if both parties were negligent and such negligence proximately contributed to bringing about the accident "* * * the plaintiff may not be entitled to recover and your verdict may be for the defendant." In approving this instruction, the Court said:

"* * * we cannot say that the Court committed reversible error by phrasing the instruction permissibly with the word 'may'."

The language of the instruction in the instant case is within the purview of that

approved in Layton v. Rocha, supra. We find no error.

## DUTY TO STOP

The next error claimed by plaintiff is the Court's refusal to give an instruction on the duty to stop, based on Section 28–645 A.R.S.

The statute imposes the duty to stop for a red light before entering an intersection. Here the plaintiff was in the middle of an intersection. The Court took the position that plaintiff had no duty to stop, that the statute simply did not apply to this fact situation. We agree and find no error.

## SUDDEN EMERGENCY

The final error claimed was the Court's giving the following instruction on sudden emergency:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence of the appearance of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events, it should appear that a different course would have been better and safer."

The instruction was based on the contention that when plaintiff stopped her automobile short of the intersection of Grand and 27th Avenues, the stop was sudden and unexpected. There was testimony to support this contention. The instruction which was given simply spells out what a reasonable man is expected to do under emergency circumstances. The giving of the instruction was not error. The question of a created sudden emergency passed on in Gilbert v. Quinet, 91 Ariz. 29, 369 P.2d 267 (1962) is not involved herein.

Judgment affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge WILLIAM H. GOODING was called to sit in his stead and participate in the determination of this decision.