823 P.2d 97

Marie R. WILLETT, a married woman,
Plaintiff/Appellant,

v.

Debra Ann CISZEK–OLSON and
John Olson, wife and husband,
Defendants/Appellees.

2 CA–CV 91–0131.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 24, 1991.

Law Offices of Ronald D. Mercaldo, Ltd.
by Ronald D. Mercaldo, Tucson, for plaintiff/appellant.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Philip H. Grant, Tucson, for defendants/appellees.

OPINION

FERNANDEZ, Presiding Judge.

Marie Willett appeals from the judgment and the denial of her motion for a new trial following a jury verdict in her personal injury action. Appellee Debra Ciszek–Olson was found to be 67% responsible for Willett's total damages of $28,815. Willett argues that the trial court erred in refusing to instruct the jury on damages for permanent injuries. She also complains about an instruction requested by appellees. We agree that the court erred in refusing Willett's requested instruction and reverse.

Willett was injured when the car in which she was riding was struck by a car driven by Ciszek–Olson, who was attempting to complete a left turn. Willett's vehicle had entered the intersection just after the light turned yellow. Ciszek–Olson began her turn just after the light turned red.

## REQUESTED INSTRUCTIONS ON PERMANENT INJURIES

■ Willett requested a jury instruction that included items for future pain and suffering and .future medical expenses among the damages she could recover. She also requested an instruction on her life expectancy. The court refused to give either instruction.

In reviewing whether a requested jury instruction should have been given, this court must look at the evidence in the light most favorable to the requesting party, and if there is any evidence tending to establish the theory posed in the instruction, it should be given even if there are contradictory facts presented.

*Andrews v. Fry's Food Stores of Arizona,* 160 Ariz. 93, 95, 770 P.2d 397, 399 (App. 1989). Both Willett and her husband testified that since the accident, she is less active because of back pain, she cannot interact with her grandchildren as she used to, and she requires assistance with her household tasks. Willett also testified that she continues to suffer from headaches, that she continues to have numbness in her thumb, and that she cannot sit for prolonged periods without suffering low back pain. Dr. Austin Gentry, a chiropractor and registered physical therapist, testified that the accident had intensified Willett's prior back condition and that it will remain permanently impaired. Ciszek–Olson neither challenged Gentry's qualifications to render an opinion on the permanency of the injuries nor objected to his testimony.

Under the standard enunciated in *Andrews, supra,* Willett's evidence was sufficient to support the giving of her requested instructions. We find no merit to Ciszek–Olson's contentions that the instructions were not warranted because Willett had pre-existing back problems, because her employer testified that she performed her work as well after the accident as she had before, and because the evidence in her cited cases was stronger than in this one. What Ciszek–Olson actually asks us to do here is to perform as a jury and to weigh the facts. We are not permitted to do so.

It was error to refuse Willett's requested instructions. Therefore, she is entitled to a new trial.

## OBJECTION TO INSTRUCTION GIVEN

■ Because the issue will most likely arise again, we also address Willett's contention that the court erred in giving an instruction requested by Ciszek–Olson over Willett's objection. The trial court instructed the jury as follows: "The duty to stop for a red light does not apply to a motorist who is in the middle of an intersection." The basis for the instruction was *Flashberg v. Krebs,* 8 Ariz.App. 254, 445 P.2d 456 (1968). In that case, the court held that it was not error to refuse to instruct the jury on the duty to stop at a red light before entering an intersection because the plaintiff there was in the middle of the intersection. The evidence in this case was that Ciszek–Olson was also in the middle of the intersection when the light turned red.

Willett argues that the court erred in giving the instruction because it was a comment on the evidence and because a Tucson city ordinance provides otherwise.

She contends that the instruction tended to single out a particular factual aspect of Ciszek–Olson's case, citing *Bell v. Maricopa Medical Center,* 157 Ariz. 192, 755 P.2d 1180 (App.1988). In that case, Division One of this court upheld the trial court's refusal to instruct the jury that it could consider hospital protocols as evidence of the standard of care in a medical malpractice case. In so ruling, the court noted that "the trial [court] should not ordinarily single out a particular factual aspect of the litigation for special instructions because this may cause the jury to attach undue significance to it." *Id.* at 196, 755 P.2d at 1184. The trial court here instructed the jury on several traffic laws and the duties of drivers. The objected-to instruction was nothing more than that. It did not constitute an impermissible comment on the evidence.

Willett also argues that the instruction is contrary to Tucson City Code § 20–156, which provides:

No driver shall enter an intersection or a marked crosswalk unless there is sufficient space on the other side of the intersection or crosswalk to accommodate the vehicle he is operating without obstructing the passage of other vehicles or pedestrians, notwithstanding any traffic-control signal indication to proceed.

Willett argues that because of the ordinance, Ciszek–Olson was not lawfully in the intersection, and her instruction based on *Flashberg* did not apply. We disagree. The obvious purpose of the ordinance is to require vehicles to wait behind the crosswalk when traffic has backed up in an intersection because of excess traffic, an accident, road construction, or the like. There was no evidence that the intersection here was so obstructed. We find no error in the giving of the instruction.

Reversed and remanded.

HATHAWAY and HOWARD, JJ., concur.